## STATE v. SUMMERS.

1. JUROR—BIAS.—There was no error by the trial judge in ruling a juror to be competent who stated on his *voir dire* that he had expressed an opinion, but knew nothing of the facts, was conscious of no bias and believed that he could render a verdict according to the evidence.
2. EVIDENCE.—Testimony as to the fact of a conversation with a third person without disclosing what was said, is irrelevant, and therefore furnishes no ground for a new trial.
3. IBID.—OPINION.—A witness having fully testified as to the language, gestures, attitude, and posititition of the parties to a homicide, the necessity that alone justifies non-expert opinion evidence did not exist; and therefore there was no error in refusing to permit such witness to say whether he thought the defendant had cause to consider his life in danger from the deceased.
4. CHARGE ON FACTS.—The charge in this case in the particulars complained of was not a charge on the facts.
5. HOMICIDE—SELF-DEFENCE.—There was no error in the charge in this case as to the circumstances and conditions which would excuse a homicide on the ground of self-defence.
6. IBID.—IBID.—A charge which was ambiguous, but calculated to impress the jury with the idea that a defendant charged with homicide must make out his plea of self-defence by more than the preponderance of the evidence, furnishes ground for a new trial.

Before NORTON, J., Newberry, July, 1890.

On the hearing of this appeal, Hon. I. D. Witherspoon, Judge of the Sixth Circuit, sat in the place of Mr. Justice Pope, who had been of counsel in the court below.

It was an indictment against Jason Summers for the murder of John Reeder in March, 1890. C. H. Cannon, after examination on his *voir dire*, and ruled to be competent, was challenged by defendant. It does not appear how many jurors were chal-

[1] There are other cases of November Term, 1891, to be reported in full, but they were not filed in time to be included in this volume.—REPORTER.

lenged. So much of the charge as is excepted to is correctly quoted in the grounds of appeal, and it will therefore not be necessary to give the charge in full. It is proper, however, to state the charge of the judge on defendant's 2nd, 3rd, and 6th requests, which was as follows:

(2) "Where who first assailed is uncertain, the State must prove to the exclusion of a reasonable doubt that it was the defendant." I cannot charge you that in that form. I have just given you the law on that subject. But I repeat it to you: If the State makes out its case beyond a reasonable doubt, then the defendant must prove self-defence by such a preponderance of the testimony as that the jury shall come to the conclusion beyond a reasonable doubt upon a view of the whole testimony that the defendant is guilty. You must have a reasonable doubt—you must be satisfied beyond a reasonable doubt upon the whole testimony that the defendant is guilty, before you can find a verdict of that kind.

(3.) "When a man who is in the lawful pursuit of his business is attacked by another under circumstances which denote an intention to take his life or to do him serious bodily harm, he may lawfully kill the assailant." I refuse to charge you that, because that is not full, but it directs my attention to something that I did intend to state to the jury, that is, that a man has the right to attend to his business, and he is not obliged to leave his place of business on account of any threat that is made. No citizen has the right to drive another from his place of business. More than that, no citizen has a right to prevent you from going about your business. If your business is upon the street, you have a right to go about your business and attend to it, and no man has the right to molest you in attending to your business. He has not the right to kill any one, though, who happens to come into his place of business until the other commits some assault upon him, from which he has reason to apprehend the danger of serious bodily harm or loss of life, and under circumstances that I have defined to you in going over the law of self-defence. The law of self-defence is the same in a man's place of business that it is away from his place of business, with this exception: if one comes into your place of business and is about to assault you, you have the right first to ask him to depart, or if he comes in such a threat-

ening manner that you do not have time to put your hand gently upon him, as the law requires, the next thing to be done, you have the right to use such force as is necessary to put him off of your premises. But unless you are in the endeavor to put him· off of your premises, the law of self-defence is the same in your place of business or on your own premises that it is elsewhere. But the law does give you the right to eject a trespasser,·and you are not held to the same strict accountability in ejecting a trespasser that you would be if the difficulty occurred without such act.

(6) "That if the jury believe by the preponderance of the testimony that the·defendant shot Reeder when he, the defendant, was not physically able to defend himself by natural means from the efforts of Reeder to hurt him severely, it is a case of self-defence." I refuse to charge you that. I have fully charged you upon the law of self-defence.

The defendant appealed on the following exceptions:

I. Because the presiding judge erred in ruling that C. H. Cannon was not disqualified as a juror, although when examined on his *voir dire* he stated that he had expressed an opinion about. the case.

II. Because the presiding judge erred in allowing James F.. Rutherford, a witness for the prosecution, to testify that shortly after the shooting he had a conversation with Jas. K. P. Goggans, which was in reference to the shooting.

III. Because the presiding judge erred in ruling that it was incompetent for Iley W. Fant, a witness for the defence, who was present when the homicide occurred, to testify in answer to the following question: "Would a reasonable man placed as Mr. Summers was, confronted with a man acting and doing and talking as Mr. Reeder was, would he have had cause to consider his life in danger?"

IV. Because the presiding judge erred in charging the jury as follows: "A juryman may refuse to say that a certain set of facts exist, if those facts lead to a judgment of the court which he does· not think ought to be the law of the land; a jury may say that the facts do not exist which the law pronounces to be murder.: They may say so by their verdict, but when they do they disre-.

31—36

gard their oaths; when jurymen are found to refuse to pronounce that verdict which simply condenses the facts which have been proved upon the stand. I take it that this jury is not composed of men who will disregard their oaths, and not find the facts as they have been proven upon the stand."

V. Because the presiding judge erred in charging the jury as follows: "Then, if you find that the self-defence has been made out so far, you are next to inquire whether the defendant had any other probable means of escape from the assault which had been made upon him. You are to take into consideration the testimony that other persons were present, if you believe the testimony. First, weigh the testimony and see if you believe it. If you believe that other persons were present, then you take that into consideration. See whether there was a probable escape by means of the assistance of those other persons."

VI. Because the presiding judge erred in charging the jury as follows: "The defendant has no right to take human life unless a necessity exists. He must do that which some gentlemen might consider a cowardly act: he must retire if he has the opportunity of doing so, in order to prevent the loss of human life. He must exercise all the prudence and do everything that he possibly can to prevent the loss, first, of his own life; and, secondly, of the life of his assailant. The law requires this in tenderness to the lives of its citizens. It does not want to lose either citizen if it can help it; but it does require that a citizen shall not be so tender of his reputation that he must resent an insult by shooting down the man who insults him. It does not require that he shall be so easily insulted that a slap upon the face—if it was a very violent slap—and such that induced him to believe that he was in danger of serious bodily harm, then he might resort perhaps to the means of shooting down his assailant, especially if he was a stronger man. But an ordinary slap, which would be merely an insult, cannot be resented by turning upon the man who commits that slight battery and killing him. The law does not allow the plea of self-defence to prevail in such cases as that."

VII. Because the presiding judge erred in charging the jury as follows: "I do not recall the testimony which indicated that the deceased was under the influence of liquor; but if you recall

that testimony, then you are to weigh that fact, whether a man in that condition is more dangerous, more likely to carry out a threat, or whether he is more easily subdued.   You are to judge from your general knowledge of human nature in passing upon that circumstance, what the effect of the condition in which the deceased was would be upon him, and what judgment a man of ordinary firmness would form having the strength of the defendant in avoiding the difficulty."

VIII. Because the presiding judge erred in charging the jury as follows: "It is the duty of the State to make out in the first instance a case of murder or of manslaughter beyond a reasonable doubt.   Then it is the business of the defendant to prove his defence of self-defence by such a preponderance of the testimony as will enable you to say beyond a reasonable doubt that the defendant is guilty, when you take the whole of the testimony into consideration."

IX. Because the presiding judge erred in charging, that if the defendant failed "to show that a reasonable man would believe that under the same circumstances that the defendant was placed in, that his life or his limb was in danger, or failed to show that he had no other probable means of escape, then the plea of self-defence would fail."

X. Because the presiding judge refused to charge as requested: "Where who first assailed is uncertain, the State must prove to the exclusion of a reasonable doubt that it was the defendant."

XI. Because the presiding judge erred in charging: "But I repeat it to you, if the State makes out its case beyond a reasonable doubt, then the defendant must prove self-defence by such a preponderance of the testimony as that the jury shall come to the conclusion beyond a reasonable doubt, upon a view of the whole testimony, that the defendant is guilty."

XII. Because the presiding judge refused to charge as requested: "When a man who is in the lawful pursuit of his business is attacked by another under circumstances which denote an intention to take his life or to do him serious bodily harm, he may lawfully kill the assailant."

XIII. Because the presiding judge erred in charging: "But unless you are in the endeavor to put him off of your premises,

the law of self-defence is the same in your place of business or your own premises that it is elsewhere."

XIV. Because the presiding judge refused to charge as requested: "That if the jury believe by the preponderance of the testimony that the defendant shot Reeder when he, the defendant, was not physically able to defend himself by natural means from the efforts of Reeder to hurt him severely, it is a case of self-defence."

*Messrs. Johnstone & Cromer,* for appellant.

*Messrs. Goggans & Hunt,* contra.

May 20, 1892.    The opinion of the court was delivered by

MR. JUSTICE WITHERSPOON.    The defendant, appellant, was indicted for the murder of John A. Reeder, and was convicted of manslaughter at the July term, 1890, of the Court of General Sessions for Newberry County.    The defendant relied for his defence upon the plea of self-defence.    He appeals upon exceptions to the rulings as well as to the charge of the presiding judge.

The first exception imputes error to the Circuit Judge in ruling that C. H. Cannon was not disqualified as a juror, although when examined on his *voir dire,* he stated that he had expressed an opinion about the case.    In answer to questions, the juror stated that he knew nothing as to the facts of the case, that he was not conscious of bias or prejudice, and that he believed that he could render a verdict according to the evidence, as applied to the law to be announced by the court. The competency of jurors is left very much to the discretion of the presiding judge, and we do not think there was error in holding the juror to be competent.

The second exception imputes error to the Circuit Judge in allowing James F. Rutherford, a witness for the prosecution, to testify that he had a conversation with James K. P. Goggans with reference to the shooting, shortly after the shooting.    This witness was not permitted to state the conversation had with Goggans, or any portion of it, and the testimony of the witness to the mere fact of having had the conver-

sation was irrelevant, and affords the defendant no ground for relief.

The third exception imputes error to the presiding judge in ruling that it was incompetent for Ivy W. Fant, a witness for the defence, who was present when the homicide occurred, to testify in answer to the following question: "Would a reasonable man placed as Mr. Summers was, confronted with a man acting and doing and talking as Mr. Reeder was, would he have had cause to consider his life in danger?" The defendant was a clerk in the bar room of the witness, Ivy W. Fant, at Newberry, when defendant shot the deceased in the presence of Ivy W. Fant. When the question was propounded, Ivy W. Fant, as a witness for the defence, had testified fully as to the language used, as well as to the gestures and attitude of the deceased and the defendant, at the time of the shooting, and had explained to the jury, on a diagram, the premises where the shooting occurred and the position of the parties at the time of the shooting. The answer to the question could only elicit the *opinion* of the witness, based upon the facts he had presented to the jury. It is urged that the answer to the question is competent under the *exceptions* to the general rule of evidence, as recognized by this court in the case of *Jones* v. *Fuller*, 19 S. C., 70. As the witness, Ivy W. Fant, is not an *expert*, he would only be allowed to express his *opinion* under the exceptions to the general rule as recognized in *Jones* v. *Fuller*, *supra*, when the facts are not capable of reproduction in such a way as to bring before the minds of the jury the condition of things upon which the witness bases his opinion.

The exceptions to the general rule, excluding the opinions of non-expert witnesses, are predicated upon the *necessity* for admitting such evidence. *Jones* v. *Fuller*, *supra*, was an action for damages for the breach of promise to marry, and witnesses were permitted to express their opinions as to the amount of damages sustained by the plaintiff, upon the ground that the elements entering into the estimate of damages, upon which the witnesses based their opinions, were of that delicate and peculiar character that they could not be reproduced before the jury in such way as to show the jury the condition of things upon which the opinions

were based.    No such necessity can be urged to render compe-
tent an answer to the question propounded to the witness, Ivy
W. Fant.    The case under consideration does not come within
the exceptions as recognized in the case of *Jones* v. *Fuller*, *supra*,
and we do not think that the presiding judge erred in holding as
incompetent the answer to the question propounded to the wit-
ness, Ivy W. Fant.

The fourth and sixth exceptions, imputing error to the
presiding judge in charging upon the facts, cannot be sus-
tained.

We do not think that the presiding judge erred, as alleged in
the fifth, seventh, ninth, tenth, twelfth, thirteenth, and four-
teenth exceptions, in his charge or refusal to charge the
jury as requested.    These exceptions, with the exception
of the fifth, are not referred to in the argument of appel-
lant's counsel, and it is not necessary to consider each of said ex-
ceptions separately.

The eighth and eleventh exceptions impute error to the pre-
siding judge in charging the jury as follows: "It is the duty
of the State to make out, in the first instance, a case
of murder or manslaughter beyond a reasonable doubt.
Then it is the business of the defendant to prove his
defence of self-defence by such a preponderance of the testi-
mony as will enable you to say, beyond a reasonable doubt,
that the defendant is guilty, when you take the whole of the
testimony into consideration.    * * *    But, I repeat it to you,
if the State makes out its case beyond a reasonable doubt, then
the defendant must prove self-defence by such a preponderance
of the testimony as that the jury shall come to the conclusion
beyond a reasonable doubt, upon a view of the whole testimony,
that the defendant is guilty."

Self-defence, as an affirmative plea, must be established by the
defendant by a preponderance of the testimony, relating to such
plea, and the State must establish the defendant's guilt beyond
a reasonable doubt, arising from the consideration of the whole
of the testimony.    Whenever a defendant establishes the plea of
self-defence by what is known as the preponderance of evidence,
such a reasonable doubt is created as to the defendant's guilt as

will entitle the defendant to a verdict of acquittal. At the close of the testimony offered by the State, a defendant's guilt may be proved beyond a reasonable doubt, yet if the defendant afterwards establishes his plea of self-defence by a preponderance of testimony, it will create such a reasonable doubt as to the defendant's guilt as will entitle the defendant to a verdict of acquittal. The charge of the presiding judge, above quoted and as found reported in the record, is not only ambiguous, but was calculated to impress the jury with the belief that it was *necessary* for the defendant to establish his plea of self-defence by more than *the preponderance* of the evidence. Upon this ground we think that the defendant is entitled to a new trial.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.