STATE v. MILAM AND McCOY.

1. JUROR—DISCRETION.—Where a trial Judge permits a juror to be em-
panelled who says he has expressed an opinion on the case but will
be governed by the law and the evidence, his action will not be
reversed.
2. EVIDENCE of a witness at first trial since deceased in favor of one
defendant then on trial alone, is competent on behalf of same de-
fendant at second trial, although his codefendant is then on trial and
objects to same, and the same rule applies to evidence of a witness
absent at first trial since deceased, admitted under agreement at
first.

Before WATTS, J., Laurens, July, 1902.    Reversed.

Indictment against Ferrel Milam and Enoch McCoy.
From judgment on verdict, defendant, Milam, appeals.

*Messrs. Ferguson & Featherstone* and *W. R. Richey,* for
*appellant.*    Former cite: *As to the evidence of the deceased
witnesses:* 2 Hill, 282; 98 U. S., 145; 97 U. S., 693; Ste-
phens on Ev., 78; 22 S. C., 428; 1 Rice Ev., 395; 1 Green.
Ev., 278; 1 Strob., 269; 3 Ala., 604; 3 Gill., 96; 1 Thom.
on Trials, sec. 198.

*Mr. Assistant Attorney General Gunter,* contra (oral
argument).

March 7, 1903.    The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE POPE.    Both defendants above named,
being jointly indicted for larceny, were jointly tried therefor,
were convicted, and after having been sentenced, the defend-
ant, Ferrel Milam, alone appealed to this Court.    His appeal
virtually raises but two questions, namely: 1. Was the Cir-
cuit Judge in error in allowing J. H. Kennedy, who was
sworn upon his *voir dire* as to his having expressed an opin-
ion upon the case, to be sworn as a juror?    2. Was the

Circuit Judge in error in refusing to admit as testimony in behalf of the defendant, Ferrel Milam, the testimony of Harry Madden and Sallie Milam, both deceased, which had been offered at the first trial of said Ferrel Milam, when he (Ferrel Milam) alone was on trial on the foregoing indictment?

1. The Circuit Judge did not err in allowing J. H. Kennedy to be sworn as a juror to try this cause. This Court has several times upheld the statute of this State which gives to the discretion of the Circuit Judge the determination of the question whether a juror is indifferent in the cause, and in the *State* v. *Haines,* 36 S. C., at page 507, 15 S. E. R., 555, the following language was used: "At this moment we cannot recall another instance of a statutory provision relating to the trial of causes such as that now under consideration, that has been passed upon so frequently by this Court, and that, too, with such distinctness. We have held in every case that this matter is confided by the law to the decision of the Circuit Judge, whose decision thereon, so long as it relates to a question of fact, will not be reviewed by this Court." The case of *State* v. *Summers,* 36 S. C., at page 484, 15 S. E., 369, is about the same as the present case in regard to the examination of a proposed juror on his *voir dire,* when a juror was sworn, notwithstanding the expression of an opinion beforehand, but in view of his declaration that he would, nevertheless, be governed by the law and the testimony. This exception is, therefore, overruled.

2. We think, however, the Circuit Judge was in error in refusing to admit the testimony offered at the previous trial, at this the second trial, *so far as the defendant, Ferrel Milam,* was concerned. Of course, such testimony could not be admitted, so far as the defendant, Enoch McCoy, was concerned. This question is settled by the decision of this Court in the case of the *State* v. *Dodson et al.,* 16 S. C., 453. In the case last cited, there were several persons jointly indicted and jointly tried, and the

solicitor sought to introduce the confession of Dodson, one of the defendants, as testimony.    This Court in its decision held : "The confession of Dodson was held to be competent evidence against him by the former decision of this case, and the fact that in such confession he made use of the names of the other defendants, did not require that it should have been excluded, or that it should be read, omitting the names of the other defendants, as was distinctly decided in the case of the *State* v. *Workman,* 15 S. C., 540.    It was, however, the duty of the Judge before whom the case was on trial to instruct the jury that such confession could only be regarded as evidence against the person who made it and not against the other defendants.    But this duty was fully performed by the Judge who tried the case, and the jury were explicitly cautioned that the confession of Dodson was evidence only against him, and should not and must not be at all weighed by them save only as against Dodson."    It is true, the guilty should be punished, but only by the rules of law.    It is the law of this State that when a witness who was examined in the first trial shall have died before a second trial, at such second trial the testimony of such deceased witness may be introduced.    By this record it appears that this testimony was ruled out as incompetent, because the defendant, Enoch McCoy, did not have an opportunity to cross-examine the witness at the time such witness testified in the first case. So much, therefore, as to the testimony of Henry Madden, now deceased.    As to the admission by the solicitor that if Mrs. Sallie Milam, now deceased, were present at the first trial, she would have given certain testimony, upon which admission by the solicitor the Circuit Court forced the trial to proceed, we think such admission made such testimony competent at the first trial; and, of course, once taken as testimony, thereafter, on the death of such witness before the second trial, it became competent on said second trial so far alone as such admission in writing is concerned.

The judgment of this Court is that the judgment of the

Circuit Court, so far as the appellant, Ferrel Milam, alone is concerned, be reversed.