## 11277

### STATE v. FARIES

#### (118 S. E., 620)

1. CRIMINAL LAW—ACCUSED, REPRESENTED BY COUNSEL, NEED NOT BE PRESENT AT HEARING ON MOTION FOR CHANGE OF VENUE AND CONTINUANCE.—Where a defendant, indicted for murder, was represented by counsel, it was not essential that he be personally present at the hearing of motions for change of venue and continuance, either at common law or under Const. Art. 1, § 18, guaranteeing to an accused the right to be confronted with the witnesses against him and to be fully heard in his defense by himself, or by his counsel, or both, as the trial did not commence until after the motions were dsiposed of, in view of Code Civ. Proc. 1912, § 311.

2. JURY—IN MURDER PROSECUTION, COURT'S ACTION IN ACCEPTING JUROR HELD NOT ABUSE OF DISCRETION.—In a prosecution for murder, the trial Judge's action in refusing to exclude from the jury a juror who on his *voir dire* stated that, if reports he had seen were true, defendant ought to be hung, but that he could give defendant a fair and square trial, *held* not an abuse of discretion.

3. CRIMINAL LAW—TRIAL COURT'S FINDING THAT JUROR IS COMPETENT SUPPORTED BY SOME EVIDENCE, NOT DISTURBED.—Civ. Code, 1912, § 4045, invests the Circuit Judge with exclusive power to determine a juror's competency, and a finding on such an issue may not be reviewed, except for error of law, under Const. Art. 5, § 4, and if there is any evidence tending to support the finding there is no error of law.

Before Peurifoy, J., York, November, 1922.    Affirmed.

William C. Faries was convicted of murder and appeals.

*Mr. Thos. F. McDow,* for appellant, cites: *Error to hear motion for change of venue and for continuance in absence of defendant:* 20 S. C., 386. *Juror disqualified:* 103 S. C., 216; 120 S. C., 215; 117 S. C., 76.

*Mr. J. Monroe Spears, Acting Solicitor,* for the State, cites: *Defendant's presence not necessary during proceedings which are not part of the trial:* 16 C. J., 815; 40 S. C., 363; 20 S. C., 383; 103 S. E., 755; 14 S. C., 428. *Rulings of trial Judge on bias of jurors will not be disturbed:* 69 S. C., 295; 65 S. C., 242; 65 S. C., 321; 36 S. C., 504; 54 S. C., 147; 43 S. C., 91; 16 S. C., 453; 113 S. E., 335; 34 S. C., 49; 20 S .C., 441. *Courts control over arguments of counsel:* 86 S. C., 370.

*Mr. John R. Hart,* for the State, cites: *Fitness of juror:* 120 S. C., 526; 65 S. C., 242; 20 S. C.. 441.

July 20, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

William C. Faries was convicted of the murder of Newton Taylor and sentenced by the presiding Judge, Hon. J. E. Peurifoy, to death by electrocution.

Faries is a white man, 60 years old, the father of 16 children. The deceased, Newton Taylor, was a lad of 13, who lived with other members of his family in a house just across the street from the home of Faries in the town of Clover. On September 6, 1922, Faries, from or near the porch of his residence, killed with a shotgun Newton Taylor, for whose murder he was tried, and within a few minutes thereafter shot and killed Newton Taylor's sister, Leila, aged 15, his brother, Fred Taylor, aged 24, and his cousin, Claude Johnson, aged 20, all of whom were in the yard or near the front of the Taylor home. At or about the same time, two

other members of the Taylor family, a little girl, aged 10, and a young woman, aged 22, sisters of Newton Taylor, received gunshot wounds at the hands of Faries. Prior to the date of these homicides there appears to have been some trouble between Faries and the Taylor family as to the use of a well. Immediately preceding the shooting, Faries had been told that the boy, Newton Taylor, had hit one of his children with a rock. The foregoing bare outline discloses the setting of the crime and fairly indicates such factual excuse or extenuation therefor as may be extracted from the record. From the sentence imposed, Faries has appealed to this Court upon certain grounds, which will be considered in order.

First, it is contended (exception 1) that the presiding Judge committed reversible error in hearing and passing upon motions for a change of venue and for a continuance in the absence of the defendant. These motions were made by defendant's counsel, after defendant's arraignment, during the afternoon of the day before the trial. The defendant was not personally present. The motion for continuance was so heard "for the convenience and at the request of defendant's counsel." Then the case was called for trial on the next morning, the motions were not renewed and no question was raised nor suggestion made that the interests of the defendant had been prejudiced.

In so far as a defendant's right to be personally present at his trial is guaranteed by constitutional provision such guaranty is contained in the following language of Section 18, Art. 1, Const. 1895:

"In all criminal prosecutions the accused shall enjoy the right * * * to be confronted with the witnesses against him * * * and to be fully heard in his defense by himself or by his counsel or by both."

That the personal presence of the accused at the hearing of a motion for change of venue or for continuance, made by his duly accredited counsel, is not within either the letter

or the spirit of the foregoing constitutional mandate, would seem too clear to justify argumentative comment. At the hearing of these motions the defendant was represented, and was fully heard by his able counsel. His personal presence could have subserved no useful purpose. It cannot be assumed, certainly in the absence of an affirmative showing, that he would have elected, if present, to be heard by himself as well as by counsel. *State v. Atkinson,* 40 S. C., 363; 18 S. E., 1021; 42 Am. St. Rep., 877.

Neither is defendant's personal presence at the hearing of such motions essential within the meaning of the common-law rule, which accords to a defendant charged with a felony the right to be personally present at his trial. 16 C. J. "Criminal Law," §§ 2066, 2068, 326, 940. As the trial, in the sense contemplated, must have necessarily, been terminated when a motion for new trial or in arrest of judgment is made (*State v. Jefcoat,* 20 S. C., 383. *State v. David,* 14 S. C., 428), so the trial of the issues joined between the defendant and the state—which is the trial sought to be changed as to venue or continued by these motions—has not commenced and is necessarily still pending when the motions are made. As was said by Chief Justice McIver in passing upon this point, in relation to a motion to quash the indictment, in *State v. Atkinson,* 40 S. C., 368; 18 S. E., 1023; 42 Am. St. Rep., 877:

"Indeed, it cannot properly be said a trial is commenced until the jury has been sworn and impaneled to try the issues presented by the pleadings and duly charged therewith."

The trial in the sense that it is "the judicial examination of the issues" (Section 311, Code Civ. Proc. 1912) necessarily follows the arraignment, one of the objects of which is to obtain the defendant's answer or plea to the charge and thus establish and define the issue joined. Even where the trial has been actually entered upon, this Court has held that a defendant who voluntarily absents himself during the examination of a witness may be estopped to assert the in-

validity of the trial. *State v. Bramlett,* 114 S. C., 389; 103
S. E., 755. In the light of the provision of our Constitu-
tion, prescribing that the accused shall "enjoy the right to
be confronted with the witnesses against him"—a provision
which may be construed as an interpretation as well as a
safeguard of the common-law right—we are clearly of the
opinion that defendant's personal presence at the hearing
of the motions for change of venue and for continuance was
not essential. He was deprived by his absence of no right,
either technical or substantial, and the validity of his con-
viction may not be impeached upon the ground assigned in
the first exception.

It is next contended (Exceptions 2 to 13, inclusive)
2     that the examination of certain jurors upon their
*voir dire* disclosed that they were "not indifferent in
the cause," and that the trial Court committed reversible
error in not excluding them from the jury. Our attention
is especially directed to the examination of the juror, H. W.
Witherspoon, and it is earnestly urged that in allowing him
to sit on defendant's case the trial Judge was guilty of such
manifest abuse of discretion as entitled appellant to have his
trial declared illegal and his conviction set aside. When
Mr. Witherspoon was presented the defendant had ex-
hausted his peremptory challenges. Upon his examination,
it is claimed that Witherspoon not only sought "to evade
clear and direct questions by evasive answers," but admitted
that he had formed and "expressed the opinion that the
defendant ought to be hung." On a motion for new trial
in the Circuit Court the alleged incompetency of this juror
was strongly urged as a ground for granting such motion.
In passing thereon the able and exceptionally well-poised
Circuit Judge stated, in substance, that he was still of the
opinion upon which he had acted at the trial, that this juror
"was in mental condition" to give the defendant a fair trial;
that while the juror had said that he thought the defendant
ought to be hung, such opinion was subject to the important

qualification, "if the reports he saw were true"; that, in the Court's view, any man who had read the account of the homicide in the paper would be justified in making the same statement; that, as the juror explained, by the reference to hanging, was meant a legal execution, and not lynching; and that notwithstanding such expression of opinion the juror had repeatedly stated on his examination and conscientiously believed that he could go on the jury panel and give the defendant a "fair and impartial trial." A careful reading of the statements elicited from this juror on his *voir dire* discloses no sufficient ground for holding that the view of the Circuit Judge, embodied in the foregoing comment, was not a fair interpretation and appraisal of the juror's testimony.

3      May the conclusion reached by the Circuit Judge upon the basis of fact thus indicated be reviewed and corrected by this Court as an "abuse of discretion"? It is settled beyond controversy that our Statute (Section 4045, Civ. Code, 1912), invests the Circuit Judge with exclusive power to determine the fact of a juror's competency. *State v. Williams,* 31 S. C., 238; 9 S. E., 853. *State v. Merriman,* 34 S. C., 16; 12 S. E., 619. *State v. James,* 34 S. C., 49; 12 S. E., 657. *State v. Haines,* 36 S. C., 504; 15 S. E., 555. *Sims v. Jones,* 43 S. C., 91; 20 S. E., 905. *State v. Robertson,* 54 S. C., 152; 31 S. E., 868. *State v. Williamson,* 65 S. C., 242; 43 S. E., 671. *State v. Mittle,* 120 S. C., 536; 113 S. E., 335. The finding of the Circuit Judge upon such issue may not, of course, be reviewed by this Court, except for error of law. Const. 1895, Art. 5, § 4. Where the concrete question is whether the juror has a disqualifying opinion, the question is one of mixed law and fact (*State v. Coleman,* 20 S. C., 449), to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence (*Reynolds v. U. S.,* 98 U. S., 145; 25 L. Ed., 244). If there is any evidence which in contemplation of law supports or tends to support

the Court's finding of fact, no error of law is disclosed (*State v. Williamson, supra*), since, in so far as such conclusion is left to the Circuit Judge's conscience and judgment, his discretion is absolute. The words of the Statute (Section 4045, Civ. Code, 1912), "If it appears to the Court," etc., are peculiarly significant and expressive of freedom in the exercise of conscience and judgment and of the unrestricted liberty of decision and action, which have been intrusted by the Legislature, in the legitimate exercise of its constitutional power (*State v. Wyse,* 32 S. C., 55; 10 S. E., 612), to the Circuit Judge. The affirmative of the issue is upon the challenger. Unless the affirmative evidentiary showing is such as to admit of no other reasonable inference of fact than that the juror was in contemplation of law disqualified,—that is, unless the finding was wholly without evidence to support it—there can be in this connection no "abuse of discretion," or "erroneous exercise of discretion," by the Circuit Judge.

An examination of our decisions in which those expressions have been used (such as *State v. Coleman, supra. State v. Summers,* 36 S. C., 479; 15 S. E., 369. *State v. Murphy,* 48 S. C., 1; 25 S. E., 43. *State v. Milam,* 65 S. C., 327; 43 S. E., 677. *State v. Bethune,* 86 S. C., 143; 67 S. E., 466. *State v. Sanders,* 103 S. C., 220, etc., 88 S. E., 10) will disclose that the phrase "abuse of discretion" was used substantially in the sense indicated above; that is, as the equivalent of a decision or finding by the Circuit Judge which is wholly unsupported by any competent evidence. It is proper to observe here that the case of *State v. Sanders, supra,* is to be narrowly distinguished. The cause of challenge there involved was a racial or color prejudice against the negro. The decision was manifestly controlled by the exigencies of a sound public policy, which imposes upon the Courts of this State the duty to exercise meticulous care in extending to the members of a race who have little or no part in the official enforcement of the law the full

measure of the law's protection.    In so far as the conclusion there reached may not be regarded as logically in line with the settled rule above stated, the authority of that case is not to be extended.

Applying this test of total failure of evidence to the case at bar, it is clear that Judge Peurifoy's finding as to the competency of the juror Witherspoon may not be disturbed by this Court.    The juror stated and reiterated under oath that he could give the defendant a "fair and square trial."    The weight to be attached to the juror's statements was for the Circuit Judge.    The manner and bearing of the juror, nature's stamp of character on form and countenance, are evidential exhibits for the consideration of the Circuit Judge, which may be more indicative of the juror's real attitude than his words.    Those things cannot adequately be spread upon the record.    *Reynolds v. U. S., supra.*    The passing or acceptance of the juror Witherspoon involved no error of law reviewable by this Court, and the exceptions thereto directed are overruled.    *State v. Dodson,* 16 S. C., 453. *State v. Coleman,* 20 S. C., 441.    *State v. James,* 34 S. C., 49; 12 S. E., 657.    *State v. Williamson,* 65 S. C., 242; 43 S. E., 671.    *State v. Milam,* 65 S. C., 321; 43 S. E., 677. *State v. Mittle,* 720 S. C., 536; 113 S. E., 335.

It follows that, for the reasons indicated, the exceptions assigning error in the rulings of the Circuit Judge in refusing to stand aside certain other jurors must likewise be overruled.

The remaining exceptions (14 to 18, inclusive) were not discussed in appellant's argument.    They have been carefully examined, and found to be without merit.    The example of counsel in refraining from unprofitable discussion of these exceptions deserves the tribute of that imitation which is the sincerest form of praise.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES FRASER and COTHRAN concur.

MR. JUSTICE WATTS. I am bound by State v. Mittle, 120 S. C. I dissented in that case, but under that case I concur in this case.