## HUGHES v. KIRKPATRICK.

1. APPEAL TO COMMON PLEAS—TRIAL BY JURY.—Where a claim for services rendered testator is presented in a proceeding instituted in the Court of Probate for the settlement of the estate, the claimant, on appeal from an adverse decree of the Probate Court, is not entitled, as of right, in the Court of Common Pleas, to a trial by jury, which would have been the claimant's right if she had brought action at law against the executor for the recovery of her claim. Section 60 of the Code authorizes, but does not require, the Court of Common Pleas to direct a trial by jury of any question arising on such appeal.

2. CHARGE FOR SERVICES—CHILD—MARRIED WOMEN.—Where the Court of Probate and Court of Common Pleas concur in rejecting the claim of a daughter against her deceased mother's estate for services rendered in cooking, milking, and housekeeping, this court sustained the finding, there being no testimony to show such an express agreement as is necessary to raise a legal obligation to pay in such case; and, moreover, the mother being, at the time, a married woman.

3. LIMITATION OF ESTATES—ADVANCEMENTS—PHRASE.—A testatrix by her will directed her executor to sell tract A, and to convert her personalty into money by sales and collections, and then directed "the proceeds of the real estate and of the personal property to be divided equally between" her eight children, declaring further: "My desire is, that all my children shall be made equal, and in making the said division, all advancements heretofore made to them in land are to be accounted for by them in accordance with the terms of the deeds of conveyance to them respectively." In a subsequent clause she declared her intention of conveying tract B to her daughter K., and tract C to her daughter T., designating the line of

21—37

division, but in the event of her death, without having made such con-
veyance, she devised tracts B and C to these daughters respectively, "as
above described," and then testatrix died without executing these deeds.
*Held*, that the daughters K. and T. were entitled to an equal share with
the others of the proceeds of the sales directed, and also took tracts B and
C by devise without liability to account for their value as advancements,
it not being a case of intestacy, and there being in the will no intention,
expressed or to be implied, to charge advancements against the devisees
in the last clause: the accountability for advancements being limited to
the lands received by deed of conveyance, and the words, "as above
directed," referring only to the designated dividing line of the tracts de-
vised.

4. EX PARTE APPRAISEMENT.— Valuation put upon devised land by appraisers
nominated by the executor alone is not binding upon the devisees.

Before WITHERSPOON, J., Abbeville, June, 1891.

Proceeding by Mary Hughes and others against Hannah
Kirkpatrick and others, commenced in August, 1890, in the
Court of Probate, for the settlement of the estate of Mrs. Jane
Taylor.   Mrs. Taylor's will was as follows:

I, Jane Taylor, being sound in mind and memory, but real-
izing the uncertainty of life, do hereby make and ordain this to
be my last will and testament, hereby revoking and annulling
any other heretofore made:

First. I desire all my just debts, should there be any at my
death, to be paid.

Second. I desire and hereby direct that my tract of land, con-
taining two hundred and ten (210) acres, more or less, bounded
by lands of R. P. Shaw, Malcom Erwin, Moore, and others, be
sold by my executor, hereinafter named, on such terms and at
such times as in his judgment may be best for the interest of
all concerned.

Third. I desire that all my personal property, consisting of
household and kitchen furniture, stock, notes, evidences of
indebtedness, and of every other description, to be sold or col-
lected in money and realized, as the case may be.

Fourth. The proceeds of the real estate, and of the personal
property, I direct to be divided equally, share and share alike,
between my eight children, namely, R. T. Kirkpatrick, Mary
Hughes, Margaret Dodson, Barbara Brock, Jane Johnson,
Elizabeth Shaw, Hannah Kirkpatrick, and Annie Taylor, or
to the child or children of any of my above named children
who may happen to die before my death.   My desire is that all
my children shall be made equal, and, in making the said
division, all advancements heretofore made to them in land

are to be accounted for by them in accordance with the terms of the deeds of conveyances to them, respectively.

Fifth. I have not included in this, my will, my home tract, containing four hundred and fifty acres, as the said tract I intend to convey to my daughters, Hannah Kirkpatrick and Annie Taylor, by deed; as to others, viz., to Hannah Kirkpatrick, the lower part adjoining lands of Jane Johnson, estimated to contain two hundred acres, more or less, by lines which I have indicated, and of which a plat is to be made, and to Annie Taylor the remainder of said tract, estimated to contain two hundred and fifty acres, of which a plat is to be made, and a deed of conveyance (subject to the enjoyment and use of my husband, James Taylor, of the dwelling-house and one hundred acres attached of the tract set apart and allotted to said Annie Taylor), and I do hereby give and devise the above named tracts to said Hannah Kirkpatrick and Annie Taylor, as above directed, in the event my death should occur before making the deeds of conveyance to them as above indicated. The one hundred acres of the tract given to Annie Taylor, of which the use and enjoyment is given to James Taylor, is to be during his natural life or widowhood.

Sixth. I have given directions about my burial expenses, and grave-stone, which I desire my executor to carry out. I hereby appoint Richard T. Kirkpatrick executor of this, my last will and testament.

In testimony of which, &c.

The Circuit decree, on appeal from the decree of the Probate Judge, was as follows:

Jane Taylor, the wife of the defendant, James Taylor, and the mother of the plaintiffs and of the other defendants above named, died testate on or about the 16th day of December, 1888. The defendant, R. T. Kirkpatrick, a son of Jane Taylor, duly qualified as executor of her will. The plaintiffs, four of the children of Jane Taylor, instituted the above entitled action in the Probate Court for Abbeville County for an account and settlement of the estate of Jane Taylor. The defendants, Hannah Kirkpatrick and Annie Taylor, appeal from the decree of the Probate Court, rendered May 14, 1891, and the cause came on to be heard by this court upon said appeal. The first and second grounds of appeal allege that the probate judge erred in disallowing the claim of Annie Taylor for services rendered her deceased mother. I do not think that the evidence is sufficient to establish the claim, and the first and second grounds

of appeal are overruled. The third, fourth, fifth, and sixth grounds of appeal alleged that the probate judge erred in so construing the will of Jane Taylor, as to require the legatees who received lands in the lifetime of testatrix to account for the same at the value fixed by appraisers appointed by testatrix, and that the appellants should account for the land devised to them at the value fixed by appraisers appointed by the executor. The seventh and last ground of appeal alleges that the probate judge erred in concluding that those who receive more than an equal share of testatrix's property must pay back a sufficient amount of money to produce equality.

In construing the will, effect must be given to the *intention* of the testatrix, as ascertained from the consideration of the entire will, as well as the circumstances under which the will was executed. The will is dated October 5th, 1887. Prior to that date testatrix had conveyed portions of her land to all of her eight children, with the exception of the appellants, Hannah Kirkpatrick and Annie Taylor, and had the land so conveyed appraised by *sworn* appraisers of her own selection. The land conveyed to her son, R. T. Kirkpatrick, consisted of 155 acres, valued at $6 per acre. The 150 acres conveyed to Mrs. Hughes was valued at $5 per acre. The 168 acres conveyed to Mrs. Brock was valued at $8 per acre. The 152 acres conveyed to Mrs. Shaw was valued at $7 per acre. The 126 acres conveyed to Mrs. Dodson was valued at $10.50 per acre, and the 120 acres conveyed to Mrs. Johnson was valued at $9.50 per acre. Testatrix did not convey any portion of her land to her daughters, the appellants, Hannah Kirkpatrick and Ann Taylor. Under these circumstances testatrix executed her will. * * * The 200 acres devised under the fifth clause to Hannah Kirkpatrick was valued, September 14, 1889, at $11 per acre, and the balance of the 450 acres devised to Annie Taylor under said clause was valued at $13 per acre by sworn appraisers appointed by the executor. Two of said appraisers had been selected by testatrix to fix the value of the land conveyed by her to the other children, and the third appraiser selected by testatrix being dead, the executor substituted another.

The appellants, Hannah Kirkpatrick and Annie Taylor, con-

tend that the main object of the will was to provide for the distribution of the proceeds of the 210 acres of land, and the personal property arising under the second and third clauses of the will; that such proceeds should be divided in such proportions, that the children, to whom the more valuable tracts of land were conveyed or devised, should not receive any portion of said proceeds until the children receiving the least valuable tracts were made equal out of said proceeds. This construction is inconsistent with testatrix's directions in the fourth clause, that the proceeds of the 210 acres and the personal property "be divided equally, share and share alike, between my eight children," including Hannah Kirkpatrick and Annie Taylor, to whom testatrix intended to convey by deed as to her other children, but failing to convey, did devise the more valuable tracts of land. In the same clause in which testatrix directs the division of the proceeds of sale of land and personal property equally between all of her eight children, she expresses the desire that all of said children shall be made equal, and for that purpose that all advances *heretofore* made to said children in land are to be accounted for by them in accordance with the terms of the deeds of conveyance to them respectively. The deeds of conveyance of land by testatrix to her six children are not before the court, but I must assume that the several tracts of land were conveyed by testatrix as advancements, as expressed in the will.

The fact that testatrix directs that her children, to whom the land *heretofore* conveyed, should account, would seem to give force to the appellants' position, but in giving effect to the word *"heretofore,"* it must be considered in connection with the other provisions of the will. In the next (the fifth) clause of the will, testatrix states that she has not included the 450 acres in her will, as she intended, at the time of the execution of her will, to divide the 450 acres, and convey the same to her daughters, Hannah and Annie, "by deed as to others." Here we have the intention expressed by testatrix, to place her daughters, Hannah and Annie, upon the *same footing with her other children*, to whom she had conveyed land to be accounted for as advancements. Testatrix intending, at the time of the

execution of her will, to convey the 450 acres to Hannah and Annie upon the terms that she had conveyed to her other children, must have intended that Hannah and Annie should account, as she required her other children. The devise of the 450 acres in separate tracts to Hannah and Annie, "as above directed, in the event my death should occur before making the deeds of conveyance to them, as above indicated," confirms the view above expressed as to the testatrix's intention.

This construction is consistent with the expressed desire of testatrix, that all of her eight children should be made equal under her will. The 210 acres directed to be sold is valued at $1,200. The value of the personal property does not appear, but from the testimony is presumed to be inconsiderable. It is not likely that testatrix could have expected the proceeds of the 210 acres of land and the personal property to produce a sufficient fund to make all her children equal. To allow Hannah and Annie to participate with the other six children in the division of the proceeds of the 210 acres of land and the personal property under the fourth clause of the will, and to relieve them from accounting for the more valuable tracts of land devised to them, would not be consistent with the expressed desire of testatrix, that all of her children should be made equal under her will.

It is true that the children to whom testatrix conveyed land cannot be compelled to account as for advancements. They have not appealed from the decree of the Probate Court, requiring them to account for their land at the value fixed by appraisers appointed by the testatrix. Hannah Kirkpatrick and Annie Taylor must take the devise subject to such an accounting as will equalize the shares of those who do account. In estimating the value of the land devised to Annie Taylor, she should not be required to account for the value of the life estate of James Taylor in said land, as provided under the fifth (5th) clause of the will. To this extent the decree of the probate judge is hereby modified, and in all other respects said decree is hereby affirmed.

Except as herein modified, it is ordered and adjudged, that the decree rendered herein by the probate judge, dated May

14, 1891, be affirmed, and that the appeal therefrom by the defendants, Hannah Kirkpatrick and Annie Taylor, be dismissed.

From this decree Hannah Kirkpatrick and Annie Taylor appealed.

*Mr. Eugene B. Gary,* for appellants.

*Mr. L. W. Perrin,* contra.

September 20, 1892.    The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This was a proceeding for the settlement of the estate of Jane Taylor, originally commenced in the Court of Probate, and carried thence, by appeal, to the Court of Common Pleas. It seems that Jane Taylor, who was a married woman up to the time of her death, being entitled, as we must presume, to a separate estate, departed this life in December, 1888, having first duly made and executed her last will and testament, a copy of which is set out in the "Case," and which, together with the decree of the Circuit Judge, should be embraced in the report of this case. At her death the testatrix left surviving her, her husband, James Taylor, and the eight children named in the will, all of whom are parties to this proceeding. Prior to her death the testatrix had, by deed, conveyed to each of her children, except the appellants, Hannah Kirkpatrick and Annie Taylor, a tract of land, which was valued by three appraisers appointed by the testatrix. After her death two of said appraisers (the third being dead), with another, appointed by the executor, put a valuation upon the land devised to the appellants, Hannah Kirkpatrick and Annie Taylor. In the course of the proceedings in the Court of Probate, Annie Taylor set up a claim for services rendered the testatrix during her lifetime, as "cook, milker, and housekeeper," which was rejected by the judge of probate, who rendered his decree to that effect, and placing the construction upon the terms of the will as contended for by the respondents. Upon appeal to the Circuit Court, the

decree of the judge of probate was affirmed, with one slight modification, which is not material to the present inquiry, and judgment to that effect having been rendered, the defendants, Hannah Kirkpatrick and Annie Taylor, appeal to this court upon the several grounds set out in the record.

These grounds present the following questions: 1st. Whether the Circuit Judge erred in proceeding to decide the question as to the validity of the claim of Annie Taylor after she had demanded a trial by jury. 2d. Whether there was error in rejecting said claim. 3d. The general question as to the proper construction of the will, which will be stated more specifically in the progress of the discussion.

First, then, was there error on the part of the Circuit Judge in proceeding to decide the question as to the validity of the claim of Annie Taylor after she had demanded a trial by jury. Although the "Case" does not show that the Circuit Judge made any order, or even ruling, as to the right of the appellant to a trial by jury, yet as he did proceed to determine the validity of the claim without a jury, we will not decline to consider the question of appellant's right to a trial by jury, notwithstanding this apparent informality. It must be remembered that this was a proceeding originally instituted in the Court of Probate for the settlement of an estate, in the progress of which this claim against the estate of the testatrix was presented by one of the parties interested in the estate. The appellant did not institute her action against the executor for the recovery of the money alleged to be due her on said claim, as she might have done, but, on the contrary, she elected to submit her claim to the adjudication of the Court of Probate, and when that court decided against her, while she had the right of appeal to the Circuit Court, it does not follow that she would be entitled to a trial by jury, as she unquestionably would have been if she had elected to enforce her claim by an ordinary action at law against the executor. On the contrary, having chosen to submit her claim to the adjudication of a tribunal which had no means of securing a trial by jury, she could only claim such rights as are accorded to those who submit themselves to such tribunal.

Those rights, so far as this question is concerned, are defined by section 57 of the Code of Procedure, which secures to any person interested in any final order or decree of the Court of Probate the right of appeal therefrom to the Circuit Court, and section 60, which declares that the last mentioned court, when the appeal is perfected, "shall proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact or title to land to be decided, issue may be joined thereon under the direction of the court, and a trial thereof had by a jury." It will be observed that the language is permissive—not imperative: "*May be joined thereon under the direction of the court,* and a trial thereof had by a jury." It implies that when any question of fact arises under an appeal from the Court of Probate, the court to which the appeal is addressed *may* frame an issue for trial by jury; but it does not imply that, whenever *any* question of fact arises upon such an appeal, either party has a right to demand that such question shall be tried by a jury. Again, section 274 of the Code provides that "an issue of fact, in an action for the recovery of money only, * * * must be tried by a jury, unless a jury trial be waived," &c.; and section 275 declares: "Every other issue is triable by the court, which, however, may order the whole issue, or any specific question of fact involved therein, to be tried by a jury," &c. So that it is apparent that a trial by jury of any question of fact which arises in the progress of any proceeding cannot be demanded as a matter of right, but only where "an issue of fact, *in an action for the recovery of money only, or of specific real or personal property,*" arises. Now, as it is quite certain that the issue of fact, of which appellant demanded a trial by jury, did not arise in an action for the recovery of money only, it is very clear that there was no error on the part of his honor, Judge Witherspoon, in refusing or ignoring the demand for a trial by jury.

The next inquiry is whether there was error in rejecting the claim. We do not think so. To say nothing of the fact that this is an appeal from the concurring judgment of the Judge of Probate and the Circuit Judge upon a question of fact, we think the testimony fails to show any such

22—37

express agreement as would be necessary to raise a legal obligation to pay for services rendered by a child to a parent. *Ex parte Aycock*, 34 S. C., 255. But, in addition to this, we think if the appellant had any claim at all, it would be against her father, who was bound to provide for his family, and not against her mother's estate.

We come, then, to the general question as to the proper construction of the will. By the second clause of her will, the testatrix directs that the 210 acre tract of land be sold by her executor. By the third clause she directs that all of her personal property be sold or converted into money. By the fourth clause she directs that "the proceeds of the real estate, and of the personal property," shall be divided equally amongst her eight children, naming them; and in a separate paragraph of the same clause we find the following language: "My desire is that all my children shall be made equal, and in making the said division, all advancements heretofore made to them in land are to be accounted for by them in accordance with the terms of the deeds of conveyance to them respectively." The fifth clause reads as follows: "I have not included in this, my will, my home tract, containing four hundred and fifty acres, as the said tract I intend to convey to my daughters, Hannah Kirkpatrick and Annie Taylor, by deed as to others, viz., to Hannah Kirkpatrick, the lower part, adjoining lands of Jane Johnson, estimated to contain two hundred acres, more or less, by lines which I have indicated, and of which a plat is to be made, and to Annie Taylor the remainder of said tract, estimated to contain two hundred and fifty acres, of which a plat is to be made, and a deed of conveyance (subject to the enjoyment and use of my husband, James Taylor, of the dwelling house and one hundred acres attached, of the tract set apart and allotted to said Annie Taylor), and I do hereby give and devise the above named tracts to said Hannah Kirkpatrick and Annie Taylor, as above directed, in the event my death should occur before making the deeds of conveyance to them, as above indicated. The one hundred acres of the tract given to Annie Taylor, of which the use and enjoyment

is given to James Taylor, is to be during his natural life or widowhood."

Inasmuch as the testatrix died before making the deeds which she contemplated making to the appellants, it is very obvious that the alternative provision which she made for them, in the event of her death before making the deeds, took effect, and hence that the appellants became entitled to their lands as devisees and not as grantees of the testatrix, while all the other children took their lands as grantees and not as devisees. Now, as the doctrine of advancements has no application in a case of testacy (*Manning* v. *Manning*, 12 Rich. Eq., 428), it is very clear that a devise cannot be treated as an advancement, unless the testator, as in the case just cited, "has made the law of his own property" in such terms as shows his intention that such doctrine shall apply. It is very certain that the testatrix here has not expressly declared any such intention, so far as the devises to the appellants are concerned; and, therefore, the practical inquiry is whether such an intention should be implied from the language used by the testatrix, read in the light of the surrounding circumstances.

It will be observed that the testatrix, after providing in the second and third clauses of her will for the sale of the real estate therein mentioned, and for the sale and conversion into money of all of her personal property, proceeds, in the fourth clause, to direct that the proceeds of such sales shall be divided equally amongst all of her children; and if the will had stopped there, then there would be no doubt that each child would be entitled to an equal share of the proceeds of such sales, without regard to the value of the land previously given to some of the children, or to that in a subsequent clause devised to the others. But the will does not stop there, and, on the contrary, in the second paragraph of the fourth clause, the testatrix goes on to declare, not simply her desire that all her children shall be made equal, but explains how such equality is to be effected, using for that purpose these words: "In making the *said* division" (meaning, necessarily, *not* the division of all her property, but simply that which she had just directed to be divided, to wit, the proceeds of the sales), "all

advancements *heretofore* made to them in land are to be accounted for by them in accordance with the terms of the deeds of conveyances to them respectively." Now, while this language is amply sufficient to show that the testatrix intended that such of her children as had received deeds for land should account for the value thereof in making said division, we do not see how such language can be regarded as expressing, or even implying, an intention that such of the children as had *not* received deeds for land should be required to account for the value of land devised to them in a subsequent clause of the will, especially when such clause contains no word expressing or implying such intention.

If the testatrix had contented herself with simply expressing a desire that all her children should be made equal, then, possibly, there might be room for the contention that she intended that all of her children should share equally in all of her property ; but she qualifies the expression of this general desire by adding explanatory words, which, while clearly including the children who had received deeds, with equal clearness do not include those who had not then, and, in fact, never afterwards, received deeds for land. Indeed, they cannot be included without doing violence to the language used by the testatrix; for to include them it would be necessary to read the word "heretofore" in a sense exactly the opposite of that which it properly bears, and to ignore entirely the latter part of the second paragraph of the fourth clause, directing how the lands previously conveyed to some of the children are to be accounted for, viz., "in accordance with the terms of the deeds of conveyance to them respectively;" for, as there never were any deeds made to the appellants, it is quite certain that they could not be required to account, in accordance with the terms of deeds which never had any existence.

Now, let us consider the terms of the fifth clause. While it is quite true that it contains words showing that the testatrix intended to convey the land therein mentioned to the appellants "by deed as to others," yet it is equally true that she abandoned that intention, or, at least, failed to carry it into effect, and, therefore, the alternative provision, by devise, took

effect. In this alternative provision there is not a word indicating that these devises were to be regarded as advancements, or that the devisees were to take, burdened with any liability to account for the value of the land. On the contrary, the home tract of land, after being divided in the manner specifically directed, was devised to the appellants, without qualification or limitation, and without being burdened with any liability to account for its value. The words "as above directed," relied upon to sustain a contrary view, were manifestly used simply to show how the home tract was to be divided between the two appellants; for the testatrix having first declared that she contemplated making deeds for the two parcels into which she desired the home tract divided, and directing specifically how such division should be made, and which parcel she intended for each of the two appellants, proceeds, as follows: "And I do hereby give and devise the above named tracts to said Hannah Kirkpatrick and Annie Taylor, as above directed, in the event my death should occur before making the deeds of conveyance to them as above indicated," meaning clearly that if she failed to carry out her intention to make the deeds, then the two tracts, into which she proposed to divide the home tract, were devised to Hannah and Annie, and, for the purpose of showing which of the two tracts each should take, she added the words "as above directed;" that is, that Hannah should take the lower part, containing about 200 acres, and Annie should take the remainder, containing about 250 acres, subject to a life estate in her father in 100 acres, embracing the dwelling. So that, even if it be assumed (though it is by no means clear) that the testatrix contemplated making deeds to the appellants burdened with a liability to account, as in the case of the other children, to whom deeds had been made, yet, as she never carried out that intention, the alternative provision by devise took effect, which, not being burdened with any liability to account, the appellants are each entitled to an equal share of the proceeds of the sales directed by the second and third clauses of the will, without any liability to account for the value of the land devised to them respectively.

Under this view of the case, it becomes unnecessary to con-

sider the question whether the appellants would be bound
4 by the appraisement put upon the land devised to them
by the appraisers appointed by the executor. But we
may add that, in our judgment, such an appraisement could
not, under any construction which might be put upon the terms
of the will, be held binding upon the appellants, who were not
allowed any voice in the selection of the appraisers.

The judgment of this court is, that the judgment of the Cir-
cuit Court, in so far as it rejects the claim of Annie Taylor, be
affirmed; but in so far as it construes the will as requiring the
appellants to account for the value of the land devised to them,
it be reversed, and that the case be remanded to the Circuit
Court, for the purpose of carrying out the views herein an-
nounced.