BANK OF SPARTANBURG v. CHICKASAW SOAP CO.

ISSUES—JURY TRIAL.—Where a complaint alleges an indebtedness by note, and pledge of bonds and note and mortgage as collateral, seeks judgment on note and sale of bonds and foreclosure of mortgage, proceeds to be applied to judgment, and answer admits indebtedness, but sets up defenses as to the collateral, equitable issues only are raised, and defendant is not entitled to trial by jury.

Before TOWNSEND, J., Spartanburg, March, 1904.    Reversed.

Action by Bank of Spartanburg against Chickasaw Soap Co. *et al.* From order refusing motion of plaintiff for reference, plaintiff appeals.

*Messrs. Johnson & Nash,* for appellant, cite: *Issues are not triable by jury:* Code of Proc., 274, 275; 63 S. C., 44; 43 S. C., 187; 37 S. C., 169. *Defendant should have moved to submit issues under Rule 28:* 5 S. C., 411; 35 S. C., 421.

*Mr. Stanyarne Wilson,* contra, cites: *Issues of fact for recovery of money should be tried by jury:* Code of Proc., 288; 63 S. C., 38.

November 24, 1904.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.    This appeal involves the single point as to the effect of the pleadings—whether they

raised equitable issues or whether the same raised legal issues. The Circuit Judge held that they raised legal issues, and hence refused the motion of plaintiff for an order requiring the master to take the testimony. An examination of the pleadings convinces us that the pleadings raise equitable issues. It is true, that the complaint sets up an indebtedness of more than $6,000, yet the answer admits this indebtedness. The complaint also sets up a pledge of $15,000 of bonds of the Chickasaw Soap Co. secured by a mortgage on its property, and also shows that a bond for $3,200, and mortgage of lands as an additional security to the same, and asks that the bonds be sold and the mortgages foreclosed. The answer admits these facts of the complaint. Thus it is manifest that equitable issues are involved. This was the case in *McLaurin* v. *Hodges,* 43 S. C., 187, 190, 20 S. E., 991, where this Court held: "If the appellant was entitled to have the trial here heard by a Circuit Judge sitting as a chancellor, it was serious error to order a part of the issues tried by a jury on the demand of right by the defendant." See, also, the declaration of this Court, on page 192 of the case just cited. The late Chief Justice McIver declared, in *Hughes* v. *Kirkpatrick,* 37 S. C., 161, 169, 15 S. E., 912: "So that it is apparent that a trial by jury of any question of fact arising in the progress of any proceeding cannot be demanded as a matter of right, but only where 'an issue of fact for the recovery of money only, or of specific real or personal property,' arises."

It is the judgment of this Court, that the order appealed from be reversed and that the action be recommitted to the Circuit Court.