## 9198

### HAND v. KELLY, AS ADMR., ETC.

#### (86 S. E. 382.)

PROBATE COURT. JURISDICTION. CREDITOR'S ACTIONS. PLEADINGS. APPEAL AND ERROR.

1. APPEAL AND ERROR.—An order depriving a party of a mode of trial to which he is entitled by law is at once appealable.

2. CREDITOR'S ACTION — PLEADINGS. — Allegations of the existence of creditors, who are sought to be brought in as parties, and for whose benefit the action is brought, are essential to an action in the nature of a creditor's bill to marshal the assets of an intestate's estate.

3. PLEADING—JURISDICTION.—In determining a question of jurisdiction accurate pleading is often a matter of substance, and not merely of form.

4. COURTS—JURISDICTION.—The probate Court has no jurisdiction of an action against an administrator on an unliquidated claim against his intestate, where the vital question is the integrity of the debt, as the administrator is entitled to have that issue tried by jury.

5. CREDITOR'S BILLS.—A creditor must establish her unliquidated demand against an intestate's estate before a Court and jury before she can ask the sale of the lands of his estate in aid of assets.

6. APPEAL AND ERROR.—On appeal from the probate to the Circuit Court the appellant cannot demand a trial of questions of fact by jury as a right.

7. CREDITOR'S BILLS—JURISDICTION.—When a creditor of an intestate's estate has first established her claim at law, and personal assets are insufficient, she may maintain an action in equity to enforce it against descended land, and the Court in order to do complete justice could pass upon all claims therein presented against the estate.

Before HON. C. J. RAMAGE, special Judge, Columbia, December, 1914. Reversed.

Action by Aileen Voight Hand against E. C. Kelly, individually and as administrator of the estate of Carrie Kelly, deceased.

FOOTNOTE.—As to liability of heirs for obligations of ancestor, see note in 21 L. R. A. 89.

The facts are thus stated by MR. CHIEF JUSTICE GARY:

This action was commenced in the Court of probate for Richland county for the purpose of recovering judgment against the defendant, and for the purpose of selling the lands of the estate of Carrie Kelly, the deceased, in aid of assets.

The action is against E. C. Kelly, individually and as administrator of the estate of Carrie Kelly, deceased.

The complaint alleges that the defendant, E. C. Kelly, is the sole heir at law and distributee of Carrie Kelly, deceased, who died intestate on the 13th of February, 1913, and is the duly qualified administrator of the estate of Carrie Kelly, deceased.

It is also alleged, that Carrie Kelly was indebted to the plaintiff, at the time of her death, in the sum of one thousand and thirty dollars.

It is further alleged, that the personal estate of Carrie Kelly, deceased, is insufficient to pay the debts of said estate, but that she owned certain real estate in the city of Columbia, S. C., at the time of her death.

The prayer of the complaint is as follows:

"Wherefore, plaintiff demands judgment against the defendant: 1. For the sum of one thousand and thirty ($1,030) dollars. 2. That if the personal estate of Carrie Kelly, deceased, be insufficient to pay the indebtedness to this plaintiff, and to the other creditors, that the lot of land above described be sold, and the proceeds thereof be applied to the payment of the costs of administration, the costs of this suit, and the debts of said estate, and the balance, if any, be distributed according to law."

The defendant answered the complaint, denying certain allegations thereof, and setting up several defenses.

The defendant also interposed a demurrer to the complaint, on the following grounds:

"That this is an action by the plaintiff against the defendant, as administrator of the estate of Carrie Kelly, to recover judgment for an alleged debt upon an alleged contract.

That this defendant does not admit the debt or the contract, but, on the contrary, denies the same, and this Court has no jurisdiction to try such action."

The demurrer was overruled by the probate Judge, and on appeal to the Circuit Court, his ruling was sustained, on the following authorities, which were cited by his Honor, the Circuit Judge: *McNamee* v. *Waterbury,* 4 S. C. 165; *Scruggs* v. *Foote,* 19 S. C. 274; *Dyson* v. *Jones,* 65 S. C. 308, 43 S. E. 667.

*Mr. D. W. Robinson,* for appellant, submits: *In actions for recovery of money only, the right to trial by jury is inviolate:* Const., art I, sec. 25; Code Civil Proc. 1912, sec. 312; 28 S. C. 533; 31 S. C. 265; 36 S. C. 561; 54 S. C. 359; 61 S. C. 5; 19 S. C. 290, 291; 52 S. C. 463; 29 S. C. 63. *Issue here was triable by jury, unless waived:* 91 S. C. 424; 85 S. C. 70; 43· S. C. 301. *Probate Court is of limited jurisdiction:* 4 S. C. 169; *and must not assume constructive powers:* 1 Bailey 460; 12 S. C. 214; 112 U. S. 306; 8 How. 449; 6 Wheat. 127; 1 Hill 53; 79 S. C. 320, 321. *Claim must first be established:* 60 S. C. 345, 349; 69 S. C. 237, 239. *Cases distinguished:* 19 S. C. 274; 65 S. C. 317; 80 S. C. 159, 160. *Equity rule in creditor's actions:* 82 Fed. 780; 140 U. S. 106; 149 U. S. 451; 27 S. C. 416; 80 S. C. 89. *Mode of trial essential:* 61 S. C. 4; 99 S. C. 466.

*Messrs. Shand, Benet, Shand & McGowan,* for respondent, cite: *As to jurisdiction of probate Court:* Code Civ. Proc., sec. 42; Civil Code 3637; 4 S. C. 156; 19 S. C. 274. *Appeal premature:* 4 S. C. 156. *Not necessary to exhaust legal remedies:* 29 S. C. 84; 4 S. C. 293; 21 S. C. 159; 60 S. C. 351.

September 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

I have not been able to concur in the conclusions expressed by the Chief Justice and by Mr. Justice Fraser.

I think the complaint ought to be dismissed.

It is a matter of indifference that the plaintiff sued in the probate Court rather than in the Circuit Court. *This action* will not lie in either Court; the defendant could not get that which he demands in either of them.

The respondent's initial objection, that the appeal is premature, is not tenable; the issue made involves the mode of trial, by the Court or by a jury; and that is always an essential issue, right at the threshold of the cause.

The appellant's initial contention, that the complaint does not state a case for equitable relief, goes to the vitals of the case.

It is true the Code of Civil Procedure directs that pleadings must be liberally construed. (Section 209.)

Granting that the plaintiff intended to draft a creditor's bill, yet the question of his right to such a bill still remains.

But we think the complaint cannot be even sustained as one which attempted to state a creditor's bill.

There is no allegation that the estate was debtor to another person than the plaintiff; there is no allegation that the suit was for the benefit of all creditors, and no plea for creditors to come in.

There is a plea that the personal estate is insufficient to pay the debts of the estate; and there is reference, but in the prayer only, about insufficiency of personal estate, about other creditors, and about debts of said estate.

A cause well pleaded is half won; and the insistence upon accurate pleading is not always form, but often substance; it is so in the instant case.

The real question made by the appellant is, that the suit is to recover a considerable sum of money, on an unliquidated demand, without the intervention of a jury, and that issue will be considered without reference to the form of pleading, and just as if a creditor's bill had been properly drawn.

It is true that demands like the plaintiff's have been established before Courts and without the verdict of a jury; but generally in actions begun by executors, wherein creditors have been called in, and wherein creditors *came* and *submitted* their demands to a Court without a jury.

And in some cases the creditors have sued directly on such demands before Courts without a jury, as in *Scruggs* v. *Foote,* 19 S. C. 274, and *Dyson* v. *Jones,* 65 S. C. 308, 43 S. E. 677.

In both those cases the mode of trial, by the Court, without a jury, had not been resisted in the first instance; and the actions were in the Circuit Court and to vacate the judgments which had been aforetime rendered by the probate Court.

In *Hughes* v. *Kirkpatrick,* 37 S. C. 168, 15 S. E. 912, the Court in effect held that the creditors had waived the right to a jury trial by proving the demand before a Court without a jury.

In *Cleveland* v. *Mills,* 9 S. C. 436, the issues were tried before a jury; and so in *Wilson* v. *York,* 43 S. C. 302, 21 S. E. 82; though the last case was not wholly of the character as that at bar.

But further reference to cases will blunt the issue made by the appeal. Those cases which have already been decided speak for themselves, and their voice cannot be changed by a review of them.

The Courts of this State, and legislatures, too, and surely most Courts and legislatures, have long since concluded on common principles of honesty that if a person dies and leaves debts unpaid, debts of any sort, and leaves also land, but no

personalty to pay his debts, then the land must go for the debts, if pursued in time.

How the land shall be reached, therefore, is sometimes a question of mere form and procedure; but in the instant case the vital question is the *integrity of the debt,* and, therefore, the tribunal to determine that integrity.

It will be admitted on all hands that if the plaintiff had omitted the 10th paragraph of the complaint, that paragraph which alleges insufficiency of personal assets, then the case would have been one for a jury, and, therefore, one denied to the probate Court, and to any Court without the power to empanel a jury.

It will not be denied that if the plaintiff had a lien on the land to secure her debt, then the case would have been one for a Court with a jury, probate or Common Pleas.

Some of the Judges have referred to the plaintiff's right against the land as an "equity;" it may be; it is a right, but it is only one to be enforced against the heir when the debt of the ancestor shall have been proven to be true.

The plaintiff must first establish before a Court and jury her demand, before she may proceed to fix it upon the defendant's descended real estate; and that is the fundamental reason she may not maintain an action like this upon an unproven demand. 3 Pomeroy Equity, sec. 1415, *et seq.;* 8 R. C. L., page 20; *Brock* v. *Kirkpatrick,* 60 S. C. 322, 38 S. E. 779; 8 A. & E. Decisions in Equity, page 309.

If the cause should proceed to a trial in the probate Court, and if the plaintiff's demand should be there allowed, and if the cause should be appealed to the Circuit Court, then the defendant's *right* to a jury would be gone. *Rollin* v. *Whipper,* 17 S. C. 32; *Ex parte Appeller,* 35 S. C. 420, 14 S. E. 931; *Hughes* v. *Kirkpatrick,* 37 S. C. 168, 15 S. E. 912.

It is true, if the plaintiff's demand should first be lawfully established as true; and if she should then file her bill

to enforce it against descended land, and because the personal assets were insufficient therefor; then the cause would be one in equity; the Court would do complete justice, and try the truth of all claims thereafter presented against the estate.

In my judgment the complaint ought to be dismissed.

MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion announced by MR. JUSTICE GAGE.

MR. CHIEF JUSTICE GARY, *dissenting.* I deem it necessary to cite only a few authorities, additional to those cited by the Circuit Judge.

In the case of *Ex parte Landrum,* 69 S. C. 136, 48 S. E. 47 (cited with approval in *The Mobley Co.* v. *McLucas,* 99 S. C. 99, 82 S. E. 986), it was held that a proceeding in the probate Court, to fix the fees of attorneys representing the executor, and to determine out of what fund payment should be made, was a proceeding in chancery, and this Court had jurisdiction to review the finding of the Circuit Court, on appeal from the probate Court.

In that case the Court said: "In an action at common law, the only judgments that could be rendered were: 1. For the recovery of specific real property. 2. For the recovery of specific personal property. 3. For money.

In the case under consideration, the respondents not only seek to recover judgment for the amount of their fees, but likewise to have determined out of what fund they are to be paid. This renders it necessary to invoke the aid of the Court, in the exercise of its chancery powers. The facts are, therefore, reviewable by this Court."

Before the Constitution of 1895 was adopted, the Court of probate had exclusive original jurisdiction of all matters testamentary and of administration. *Ex parte White,* 33 S. C. 442, 12 S. E. 5.

Section 15, art. V of the Constitution of 1895, however, provides that "they" (the Courts of Common Pleas) "shall have jurisdiction in all civil cases," which words are not to be found in the Constitution of 1868, thus showing that its jurisdiction as to matters testamentary and of administration, is concurrent with that of the probate Court. The objection interposed by the appellant was, therefore, "not jurisdictional.in its nature, but was merely dependent upon the well settled principle, based upon comity, that the Court which first acquires jurisdiction of the cause, shall be allowed to proceed to final judgment." *Epperson* v. *Jackson,* 83 S. C. 157, 65 S. E. 217.

MR. JUSTICE FRASER, *also dissenting.* Mrs. Carrie Kelly died and E. C. Kelly, who was her heir at law, was appointed administrator of her estate.

The respondent, Mrs. Aileen Voight Hand, presented an account against her estate. This indebtedness was denied and payment refused. Mrs. Hand then brought suit in the probate Court on her account, alleging that there is a deficiency in the personal assets to pay the debts and asks for a sale of real estate in aid of assets.

The administrator answered reserving a plea to the jurisdiction and denied the debt and set up that the plaintiff is indebted to the estate. The administrator then demurred to the jurisdiction of the probate Court.

The demurrer is:

"1. That this is an action by the plaintiff against the defendant, as administrator of the estate of Carrie Kelly, to recover judgment for an alleged debt upon an alleged contract.

2. That this defendant does not admit the debt or that contract, but, on the contrary, denies the same and this Court has no jurisdiction to try such action."

The probate Court overruled the demurrer and the Court of Common Pleas, on appeal, affirmed the probate Court.

From the judgment of the Court of Common Pleas this appeal is taken.

I think the trouble here is a misapprehension of the case of *Hughes* v. *Kirkpatrick*, 37 S. C. 161, 15 S. E. 912. This case, unquestionably, holds that a creditor of a decedent estate can bring suit in the probate Court on a simple money demand against an estate in process of settlement in that Court.

It also holds that a claimant, having a simple money demand, has a right to a jury trial if the claim is denied. It also holds that the right to a jury trial may be waived.

The claimant has a choice of Courts, *i. e.,* the Common Pleas, where provision is made for jury trials, and the probate Court, where there can be no jury trial.

When a party deliberately chooses the Court where he can not secure a jury trial, he waives the jury trial and cannot afterwards demand it as a matter of right, and can only ask it in the Common Pleas on appeal as a matter of favor.

If the right to a jury trial exists, and the defendant demands it, *and does not waive this right, it must be accorded him.* Inasmuch as there is no jury in the probate Court, he cannot get it there, but he has the right of appeal to the Court of Common Pleas, if the decision be adverse to him.

In the Court of Common Pleas a jury is provided and must be accorded, not as a favor, but as a matter of right, *unless he has waived it.* Appellant was forced to that Court for his letters of administration. The defendant, if successful, needs no other remedy, but if unsuccessful, may appeal and give notice of issues to be submitted to a jury. The case is then tried *de novo* in the Court of Common Pleas before a jury, and every right *not waived* is preserved.

The claim of the respondent, "that the determination of the amount due on this account is merely collateral, and that inasmuch as the object is to secure a sale of land in aid of personal assets, and the probate Court has power to sell land

in aid of assets, the probate Court has jurisdiction," is untenable in this case.

Before a probate Court can order a sale of land in aid of assets, it must appear that there are not enough assets to pay the debts and a sale of land is necessary. In this case it is claimed that there are enough assets to pay the debts, but that this claim is not a debt.

Neither is the claim of the appellant tenable, "that inasmuch as the establishment of this debt is necessary to produce a deficiency of assets and this claim is denied, therefore, the probate Court has no jurisdiction to hear this case."

It is true that the existence of a deficiency of assets *is* a fact which the probate Court must find before it has jurisdiction to order a sale of land in aid of assets, but a Court has jurisdiction to find a fact upon which its jurisdiction depends. The allegation of a jurisdictional fact, in Courts of limited jurisdiction, is sufficient to give jurisdiction to hear the cause. The proof of the jurisdictional fact is necessary to sustain any judgment other than a judgment of dismissal of the cause.

This case comes up on a demurrer and the facts pleaded, for the purposes of this motion, are taken as true. On the trial of the cause the plaintiff must prove his allegations of deficiency of assets, and if he fails, that ends the jurisdiction to sell the land.

On the face of this complaint, the main object of the action is to secure a judgment on a money demand and the sale of the land in collateral. I think the probate Court has jurisdiction to try the main question and all the rights of the appellant are preserved. This appears on the face of the complaint, and I think the demurrer was properly overruled and the appeal should be dismissed.

It seems to me that if the contest of a claim, in whole or in part, destroyed the jurisdiction of the probate Court, then the probate Court would be practically useless. Its jurisdiction in matters testamentary could be destroyed by any

one interested in the estate, whereas, the Constitution, art. V, sec. 19, gives to the probate Court jurisdiction "in all matters testamentary," and its constitutional jurisdiction cannot be destroyed.