14207

HUNDLEY HUDGENS CO. v. WATSON *ET AL.*

(183 S. E., 321)

*Mr. Horace L. Bomar,* for appellants,

*Mr. Jesse W. Boyd,* for respondent,

January 15, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Several years prior to 1927, one Jesse M. Watson died intestate, leaving surviving him as his heirs at law his widow, Mrs. Ella M. Watson, and nine children. At the time of the death of said Jesse M. Watson he was seized and possessed of 116 acres of land, which descended to said widow and children in accordance with the statute of distribution. The widow and some of the children resided on the said 116 acres of land until the death of the widow (Mrs. Ella M. Watson) in 1927, and some of the children still reside thereon.

As heretofore stated, in 1927, Mrs. Ella M. Watson died. She left no will, and at the time of her death was seized and possessed of a one-third undivided interest in said 116 acres of land. No administrator of her estate was ever appointed nor did any one ever apply for letters of administration on her estate.

On September 7, 1931, respondent herein commenced its action in the Court of Common Pleas against all of the

children of Mrs. Watson, and against H. L. Bomar, who held deed for the interest of one of the children in the 116 acres of land above referred to, alleging an indebtedness to it by Mrs. Ella M. Watson at the time of her death, and that the action was brought as a creditor in its behalf and in behalf of all other creditors of Mrs. Watson. The complaint is in the form of a creditor's bill seeking to have the one-third interest of the estate of Mrs. Ella M. Watson in said 116 acres applied to the payment of her debts, including the debt to respondent, to a sale of the property for that purpose, and that the proceeds of the sale after the payment of the costs of this action, including a reasonable attorney's fee, to respondent's attorney, be paid to her creditors, and the balance, if any, distributed to her heirs. The fourth paragraph of the complaint is as follows: "4. At the time of her death, Mrs. Ella M. Watson was the owner in fee of an undivided third interest in a certain tract of land in this county known as the Jesse M. Watson home place, near Enoree, bounded by lands of D. M. Miles estate, lands of Sam Taylor and others, containing 116 acres, more or less. This land, together with any property she may have owned, has since her death been in the possession of some of the defendants."

The defendants-appellants answered, admitting that Mrs. Watson was indebted to respondent in some amount, but denied the amount as claimed being correct, and set up that the children were entitled to a homestead in said lands and that they were protected against any judgment claims affecting said homestead. The answer further set forth the source and interest of the defendant H. L. Bomar in said lands.

The case was referred to the Master. The testimony taken at reference held was confined to the amount actually due by Mrs. Watson to respondent, the fact of the ownership by her of a one-third interest in the 116 acres of land at the time of her death, the names of her children, that one was yet a minor, and that Mrs. Watson and some

of the children had resided on the land continuously, and some of the children continued to reside on the land; that Mrs. Watson had died without will and there had never been appointed an administrator of her estate. The interest of H. L. Bomar was also explained.

The Master duly filed his report disallowing claim of homestead in behalf of the children of Mrs. Watson, adjudged the indebtedness of Mrs. Watson to respondent at $202.63 (the respondent had claimed $380.68, this amount being arrived at by including an indebtedness of $178.03 of Roy Watson, one of the appellants, to it), and ordering a sale of the one-third interest of Mrs. Watson, the proceeds to be applied to the costs of this action, a reasonable attorney's fee for bringing this action, and then to payment of respondent's claim.

Exceptions to the Master's report were taken, and for the first time the jurisdiction of the Court was challenged by said exceptions, on the ground that no administration upon either the estate of Mr. or Mrs. Watson had been applied for or granted. The other exceptions related to the disallowance of homestead.

The exceptions to the Master's report were argued before Hon. T. S. Sease, resident Judge, who affirmed the Master's report, and it is from order of Judge Sease that this appeal is taken.

Exception No. 2 is as follows: "Because his Honor erred in not dismissing this action for the reason that plaintiff is the only person having any claim against the estate of Mrs. Ella M. Watson, deceased, and has no right to bring an action of this kind in the nature of a bill to marshal assets. A single creditor of an intestate cannot maintain such a bill in equity to marshal assets. Such creditor must apply for administration upon the estate of the deceased person in the Probate Court in accordance with law and there seek a proper accounting and settlement."

In *Williamson v. Richards, Governor*, 158 S. C., 534, 155 S. E., 890, 891, we find the following: "The objection

that the Court is without jurisdiction to entertain the action can be made at any stage of the proceedings, either in the circuit or in the Supreme Court, even without the requirement of notice. *Gibbes v. Morrison,* 39 S. C., 369, 17 S. E., 803; *Hunter v. D. W. Alderman & Sons Co.,* 79 S. C., 555, 61 S. E., 202. It is also the well-settled rule, as stated in 7 R. C. L., 1043, that 'a Court will recognize want of jurisdiction over the subject matter, even if no objection is made, and, therefore, whenever a want of jurisdiction is suggested, by the Court's examination of the case or otherwise, it is the duty of the Court to consider it, and if the Court is without jurisdiction it is powerless to act in the case.' "

Does either the complaint or the testimony state a case or show cause for equitable relief, or, stated in another way, has the Court of equity jurisdiction of the property in question?

The Complaint does not allege that Mrs. Ella M. Watson did not own any other property than the one-third interest in the 116 acres of land in the possession of her heirs at law; on the other hand, it specifically alleges: "This land, together with any property she may have owned, has since. her death been in the possession of some of the defendants." There is no allegation that she did not have sufficient personal estate to pay the indebtedness. There is no allegation that the estate was debtor to another person than plaintiff. There is no allegation of fraud or concealment. There is no allegation that respondent's claim has been reduced to judgment and that it has exhausted its legal remedies. There is no allegation with respect to administration upon her estate.

The testimony taken at the reference was limited to the matters hereinbefore stated.

If respondent had alleged in its complaint or given in testimony at the reference that Mrs. Watson owned no personal property out of which it could collect its indebtedness, and that, owning no personal property, the appointment of an administrator of her estate would have been a futile gesture,

then it is readily seen that respondent would have had a right to invoke the aid of a Court of equity to enforce its claim against descended land, and that in such action it could establish its claim.

See cases of *Brock v. Kirkpatrick,* 60 S. C., 322, 38 S. E., 779, 85 Am. St. Rep., 847, and cases therein cited and discussed; *Hand v. Kelley,* 102 S. C., 151, 86 S. E., 382; *McNair v. Howle,* 123 S. C., 252, 116 S. E., 279. Indeed, under the decisions of this Court, it would have been necessary, should its claim be denied, to again prove same in an action against the heirs at law to whom lands of the debtor-decedent had descended, even though the claim had been reduced to judgment against the personal representative of decedent-debtor; the heirs at law not being parties to the first action.

We have very reluctantly reached the conclusion that the Court of equity did not have jurisdiction, because it is admitted that Mrs. Watson is indebted to respondent, and now, upon the appointment of an administrator of her estate, and upon it being attempted to prove a claim against the estate, it becomes the duty of such administrator to interpose every available legal defense.

Appellants' second exception is sustained, and, in view of this holding, it becomes unncessary to pass upon the other exceptions.

The order of the Circuit Judge is reversed, and the complaint dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.