## ROSBOROUGH v. MILLS.

1. ACCOUNTING—ADMINISTRATOR—RES JUDICATA.—A debtor gave to his two sureties, A and B, a second mortgage to secure them against the payment of his note, and afterwards died. His administratrix instituted action for settlement of her intestate's estate, and these two sureties were made parties. The administratrix fully accounted, but the holder of the note, although he proved his claim, received nothing, and this second mortgage was not reached. The judgment in favor of the creditors was never enrolled, but the case was marked ended and stricken from the docket. Afterwards, A paid the note and B repaid

half of the debt to A, and then sued the administratrix for the amount paid by him. *Held,* that the former action was a bar to any accounting prior to the decree in that cause, but the administratrix not having been discharged from her office and trust, the plaintiff in this cause, whose rights accrued to him after his payment, was entitled to maintain his action and to recover judgment against the administratrix for assets *quando acciderint,* which in itself admits a full accounting up to the date of such judgment.

Before HUDSON, J., Chester, June, 1891.

Action by W. H. Rosborough against Patience A. Mills, administratrix of Julius Mills, deceased. When the case came on for a hearing, Judge Hudson made the following order:

On hearing the pleadings and argument herein, it appearing that the estate of Julius Mills, deceased (against which it is now sought to get judgment in this case), was settled in the Court of Common Pleas for Lancaster County, and the note described in the complaint was established therein by John L. Agurs, it is ordered and adjudged, that this court has no jurisdiction of this cause and that the complaint be dismissed with costs. Whatever remedy the plaintiff may have, must be secured by proper proceeding in the cause pending in Lancaster.

The plaintiff appealed on the grounds stated in the opinion.

*Mr. S. P. Hamilton,* for appellant.

*Mr. G. W. Gage,* contra.

The cause of action set up by the plaintiff against the defendant herein is the note executed by Julius Mills to B. E. Kell. It is admitted that the suit is by a surety against the principal to recover that portion of the debt paid by the surety; but the contract which bound the principal is the note—its terms fix the sum due. That note has had its day in court. The Court of Common Pleas for Lancaster assumed the settlement of the estate of Julius Mills; it took the effects of the estate, real and personal; it called for all the creditors of the estate; it enjoined all suits against the estate by the creditors thereof; it sold the property and distributed the proceeds according to law. That court

assumed jurisdiction, and the court below is ousted of all jurisdiction in the premises.

This note was established in the administratative suit as a valid subsisting debt of the estate.   The holder of the note (at that time John L. Agurs) had no other remedy open to him by which to get his debt paid by Mills's estate.   His right to be paid out of the estate of Mills according to the terms of the contract was thereby as effectually established as if the holder had sued the note to judgment by ordinary summons and complaint. That fact constitutes the report of the referee and its confirmation by the court, a *judgment* in favor of Agurs against Mills's estate.   "A judgment is the final determination of the rights of the parties in the action."   Code, § 286, old.   The right was finally settled in favor of Agurs against Mills's estate.

The manner of *entering judgment* is another thing.   Code, § 302, old.   Appellant admits, and very properly, that Agurs could have entered up judgment on the coming in of the clerk's report of sales showing a deficiency of assets.   It is no fault of the respondent that the sureties (Stringfellow and Rosborough) did not have Agurs to go through the formality of entering up judgment before they paid him the amount finally determined due in the action.   Had Agurs sold the note after it was finally established in the administrative suit, his assignee could not maintain this action.   Rosborough stands in the same right, only he was forced to take up the note.

Justice may be done by allowing judgment to be entered in Agurs's name in the administrative suit *nunc pro tunc ;* the administratrix could not and would not object to that proceeding. And if Agurs has a judgment, appellant has the legal right to have it entered up, now as well as then.   But it would be monstrous to permit a personal representative to be harassed with new suits on causes of action, theretofore established and finally settled in another suit, brought for that very purpose.   The order of Judge Hudson is right, and ought to be affirmed.

March 26, 1892.   The opinion of the court was delivered by

Mr. Justice Pope.   On the 28th day of February, 1885, Julius Mills made his note payable to B. E. Kell for six hundred

dollars. To this note J. J. Stringfellow and William H. Rosborough were his sureties. This note was afterwards duly assigned to J. L. Agurs. Julius Mills, intending to secure his sureties against any loss on account of said note, gave them a mortgage, second in rank, on some of his real estate. Julius Mills having died, his widow, the defendant, Patience Mills, duly administered. The estate of her intestate being insolvent, this administratrix, as plaintiff, instituted her action in Lancaster County to marshal the assets of the estate of her intestate and for an accounting by her of her trust. To this suit the said J. J. Stringfellow and William H. Rosborough were made parties defendant, by reason of their holding the mortgage on certain lands of the intestate. In this suit J. L. Agurs proved the aforesaid note. The administratrix fully and fairly accounted for all the assets of her husband's estate. J. L. Agurs received nothing on this note, nor did the mortgage held by Stringfellow and Rosborough afford them the least protection as sureties. The judgment in favor of creditors was never enrolled, but the action was marked ended and stricken from the dockets of the Court of Common Pleas for Lancaster County. After the suit had terminated in Lancaster County, on the 7th November, 1890, J. J. Stringfellow paid to J. L. Agurs the debt and interest due upon the note of Julius Mills to B. E. Kell, which had been assigned to J. L. Agurs. Thereupon, on 7th February, 1891, J. J. Stringfellow brought his action against William H. Rosborough for contribution as co-surety on said note, and after judgment therefor, to wit, 4 May, 1891, the said William H. Rosborough paid him $505.97, one-half of debt and interest and costs.

William H. Rosborough, as plaintiff, began this action in the Court of Common Pleas for Chester County against the defendant, Patience Mills, as administratrix, &c., of Julius Mills, deceased, to recover this $505.97 and costs paid by him as contribution as co-surety on said note. The defendant answered, virtually admitting or setting up the foregoing facts, and claiming that inasmuch as J. L. Agurs had presented said note in the action she filed in Lancaster and his rights ripened thereunder, the plaintiff was not entitled to maintain this action, and that she had fully accounted then. The hearing was had on the

pleadings and an agreed statement of facts by Judge Hudson, who dismissed the plaintiff's complaint.

From this judgment the plaintiff now appeals to this court on four grounds, namely :

1. Because the case of John J. Stringfellow v. William H. Rosborough was an entirely new cause of action, disconnected with the case of Patience A. Mills, administratrix of estate of Julius Mills, v. Minnie Mills and others, in Lancaster ; that said first named cause was for a contribution of one-half of the debt proved in the last named case, purchased by J. J. Stringfellow from J. L. Agurs, and recovery had against this defendant for said one-half, and his honor erred in finding to the contrary.

2. Because the present action arose upon an entirely new cause of action ; that is, a surety who has paid the debt of his principal, and no right of action accrued to this appellant against the administratrix until the former as co-surety had paid the debt.

3. That the defence set up by the administratrix, although inaptly and untechnically plead, amounts to the plea of *plene administravit*, and such defence being admitted, the plaintiff herein was entitled to judgment *quando acciderint*, and his honor erred in not so finding as matter of law.

4. That his honor erred in finding that this court had no jurisdiction of the cause and in dismissing the complaint.

We think the Circuit Judge was in error in this case. Unquestionably until long after the termination of the case in Lancaster brought by the administratrix to marshal the estate of her intestate and to settle her accounts, this plaintiff had no cause of action against the estate of which the defendant was the personal representative; he could not have sued until after the 4th May, 1891, and at this time there was no suit pending in Lancaster; it had been ended nearly two years, and had fixed by the judgment then rendered, that the administratrix had fully accounted for all the assets of the estate of her intestate received up to that date. Now, when this administratrix is again brought into court on an action relating to such of her intestate's estate as came into her hands at any time prior to the decree in the Lancaster case, she would simply plead that judgment, and so far as any inquiry touching the adminis-

tration of the assets of her intestate estate up to that time was concerned, that would be a complete answer.  But it sometimes happens that other assets may come into the hands of such administratrix after a full accounting has been already had, and in such case, if such administratrix has not been discharged by law from the duties of her office after such accounting has been had, or in case she has not received a formal order dismissing her from such office after such accounting has been had at a period early enough to allow the statute of limitations to ripen as a defence, she must answer the complaint, pleading *plene adminis-travit*.  When she does this, as by the testimony here adduced she is fully entitled to do, the plaintiff should have a judgment against her *quando acciderint ;* when he takes such judgment *he admits that the defendant has fully administered to the time of such judgment.*  2 Tidd Pract., 1017.  The judgment *quando acciderint* will only apply to assets of her intestate that she may acquire after such judgment.

We cannot admit that the court in this case was without jurisdiction.  It is certain that the case heard in Lancaster could only have bound J. L. Agurs as to any rights he might have had against intestate's estate.  He received the money on his note, not as the result of such action, but from the sureties of Mills, the intestate.  It will be admitted that such sureties had no cause of action against the estate of Mills until after his estate was settled.  A legal or equitable right does not exist without a remedy at law or in equity for its redress.

From these considerations it follows that the judgment below must be reversed and a new trial ordered.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and a new trial granted.