## HARTLEY v. GLOVER.

JURISDICTION—PROBATE COURT—LETTERS OF ADMINISTRATION—DERELICT ESTATES—ESTOPPEL.—When it appears on the face of the record of proceedings in the probate court for sale of lands in aid of assets, that the letters of administration on the derelict estate was granted to the clerk of the court upon less than forty days publication of notice of citation, such proceedings are void, *ab initio*, for want of jurisdiction, and may be disregarded anywhere, except by such heirs at law as answered the petition and consented to the sale, who are thereby estopped.

Before TOWNSEND, J., Lexington, February term, 1898, and GARY, J., October, 1898. First reversed, latter affirmed.

Action for possession of land by Manning Hartley *et al. v.* J. C. Glover. From judgment based on verdict before Judge Townsend, and from decree on equitable defenses by Judge Gary, plaintiffs appeal.

*Messrs. Tompkins & Wells,* and *Meetze & Muller,* for appellant, cite: *All presumptions must be indulged in favor of the jurisdiction of the Courts:* 35 S. C., 613; 48 S. C., 569; 20 Am. Dec., 578; 13 Am. Dec., 395; 16 Am. Dec., 704; 25 S. C., 275; 3 S. C., 309; 13 S. C., 91. *The clerk is de facto administrator, and the presumption is in favor of regularity of grant of letters, until revoked in the proceeding itself:* 6 Rich. Eq., 378; 3 Brev., 320; 2 Wall, 216; 20 Am. R., 555; 29 N. Y., 106; 2 Harr. & Gill., 42; 1 Lev., 235; 3 T. R., 125; 24 S. C., 373; 53 Me., 203. *If there be irregularities in affidavit for publication of summons, such are not fatal:* Code, 156; 41 S. C., 25; 16 S. C., 496; 31 S. C., 360; 47 S. C., 555; 42 S. C., 511. *Failure of order directing publication of summons to direct that copy be deposited in post office, is mere irregularity, and cannot be attacked collaterally:* 48 S. C., 566; 11 S. C., 565; 17 S. C., 446, 442; 42 S. C., 511; 29 S. C., 246. *Objection to*

*summons, (a) that it was addressed to all defendants; (b) that copy published did not conform to original; (c) that it did not state time and place of filing, cannot effect defendants who answered:* 42 S. C., 511; Gen. Stat., 1936; Code, 151. *Any irregularity after Court acquires jurisdiction cannot be attacked collaterally:* 34 S. C., 463; 24 S. C., 404; Code, 156; 47 S. C., 553; 24 S. C., 404; 13 Am. Dec., 360; 47 S. C., 594; 40 S. C., 78; 47 S. C., 243; 46 S. C., 474; 39 S. C., 477; 48 S. C., 566. *Irregularities render sale voidable, not void, and have no effect on title of purchaser in good faith:* 14 Md., 121; 23 Miss., 496; 4 Cush., 197; 42 S. C., 520. *On the doctrine of subrogation:* 18 S. C., 131; 39 S. C., 538; 41 S. C., 337.

*Messrs. Wm. H. Lyles* and *Edwin Folk Strother,* contra. The former cites: *Proceedings up to granting letters of administration do not conform to statute:* Code, 40; Gen. Stats., 1931 to 1941. *At time of appointment of administrator probate court was without jurisdiction to make the order:* 24 S. C., 373; 41 S. C., 1; 29 S. C., 31; 43 S. C., 173; 31 S. C., 217. *Jurisdiction was not obtained of absent defendants, because affidavit was fatally defective:* Code, 156; 23 S. C., 187.

August 2, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. In 1878, the firm of Merritt & Plunkett recovered judgment against Levi Hartley for about the sum of $400. Levi Hartley departed this life in 1884, leaving as his heirs at law the plaintiffs in this action. As the children of Levi Hartley failed to make application for letters of administration on his estate, Wm. J. Assmann, as clerk of the Court, made such application, which was filed on the 28th of November, 1887, and letters of administration were issued to him on the 29th of December, 1887. The administrator commenced an action by summons and complaint against the said Merritt & Plunkett and the parties

who are plaintiffs in this action, on the 29th of December,
1887, for the sale of the land described in the complaint, in
aid of assets for the payment of debts.    The plaintiffs,
Amanda Cockrell, John Hartley, and Mary Senterfeit, were
served personally with a copy of the summons and com-
plaint.    The three other plaintiffs were served with a
copy of the summons and complaint by mail, and with
a copy of the summons by publication, as they were
non-residents of this State.    In the said complaint it
was alleged that letters of administration were issued
to the said Wm. J. Assmann as clerk of the Court,
by the probate court, on the 29th of December, 1887, upon
the estate of the said Levi Hartley, deceased.    The prayer
of the complaint was for a sale of the said land in aid of
assets to pay debts.    John Hartley and Amanda Cockrell,
two of the defendants in that action, answered the complaint,
admitting that its allegations were true, and consenting to
the prayer thereof.    On the 13th of February, the probate
judge granted an order for the sale of said land on the first
Monday in March, 1888.    The land was accordingly sold,
and was purchased by Merritt & Plunkett, to whom the pro-
bate judge made a deed.    This deed is set out in the case as
exhibit "E," and is thus described: "This is a deed by virtue
of the probate proceedings *in re* the estate of Levi Hartley,
made by G. T. Graham, Esq., probate judge, setting forth
the proceedings in the brief, and due advertisement at public
outcry at the court house at Lexington, S. C., on the first
Monday in March, 1888, to the said firm of Merritt & Plun-
kett, composed of Wm. Merrit and W. B. Plunkett, convey-
ing the land in dispute to them in fee simple, in considera-
tion of $1,000, the receipt of which is acknowledged paid to
the judge of probate, said deed being recorded at Lexington
Court House, on the 8th day of August, 1888."    The deed
of J. C. Glover is set out in the case as exhibit "G," and is
thus described: "A deed from W. B. Plunkett and the exec-
utors of Wm. Merritt, deceased, to wit: B. J. Quattlebaum,
J. M. Quattlebaum, and Albert Merritt to J. C. Glover, the

defendant, conveying the land in dispute in fee simple, in consideration of $1,000, to them paid, bearing date the 21st day of February, 1893, and recorded at Lexington Court House on the 7th day of March, 1893." This action was commenced on the 28th of May, 1896, against J. C. Glover by the children of Levi Hartley, to recover possession of said land and for damages for the detention thereof. J. C. Glover answered, admitting that he was in possession of the said land, but alleging that his possession was lawful, as he was seized of said land under a valid deed. J. C. Glover was afterwards permitted by the *Court* to put in the plea of the statute of limitations, of adverse possession for more than ten years, and that more than seven years had elapsed since the probate court proceedings were filed and the sale had under said proceedings, as appears in the brief, before the beginning of this action. J. C. Glover vouched his grantors, who answered the said complaint, setting up several defenses. At the close of the plaintiff's testimony in chief, the defendant offered to introduce in evidence the foregoing proceedings of the probate court and the deed of the probate judge to Merritt & Plunkett, but upon objection of plaintiff's attorney, the Court ruled that they were inadmissible in evidence. The plaintiff's attorney urged numerous objections to the introduction of said testimony, but his Honor ruled that it was inadmissible, "because they did not follow the direction of the statute up to the point of granting letters of administration in any respect," and that the court of probate did not acquire jurisdiction by reason of this failure. The verdict of the jury was in favor of the plaintiffs for the possession of the land, but without damages.

The defendant appealed upon several exceptions from the judgment entered upon said verdict, as well as from the decree of his Honor, Judge Gary, which will be hereinafter more particularly mentioned. As the presiding Judge did not rule upon all the objections interposed by the plaintiffs to the introduction of the said testimony, but only ruled that the failure of the court of probate to comply with the re-

quirements of law before issuing the letters of administration was jurisdictional defect, we are confined to a consideration of these exceptions relating to this ruling.

The first question that will be considered is whether the fact that it does not affirmatively appear from an inspection of the said records that the probate judge published the notice of the application for letters of administration, was a jurisdictional defect. Section 2034 of the Revised Statutes is as follows: "Whenever it shall come to the knowledge of any clerk of the Court of Common Pleas of any county in the State, that the estate and effects of any deceased person as to which administration could legally be granted by the judge of probate of his county, remain for the period of six months entirely, or partially, unadministered, either by reason of no application for letters of administration or from any other cause, so that there is no legally appointed representative of such deceased person, it shall be the duty of such clerk of the court to make application to the judge of probate of the county for letters of administration on the estate of such deceased person, accompanied with a statement of the nature, condition, and value of the said estate, so far as it may be known to him, and thereupon it shall be the duty of such judge of probate to insert a notice of such application in the usual form for forty days in some newspaper published in such county, or if there be none such, in some adjoining county, and also at the door of the court house, and after such notice to grant to such clerk of the court letters of administration on the estate of such deceased person, with the will annexed, in case there be a will, and the clerk shall be held liable on his official bond for the faithful discharge of his duties as such administrator." The court of probate is a court of record, and although of limited is not of inferior jurisdiction. *Ex parte White,* 38 S. C., 45. Whenever, therefore, it had jurisdiction of the subject matter upon which it has acted, the maxim, *"Omnia praesumenitur rite esse acta,"* is applicable. The fact that the record does not contain evidence that all the requirements of law were com-

plied with before granting the letters of administration, is not alone sufficient to negative this presumption. *Tederall* v. *Bouknight*, 25 S. C., 282. The appointment of an administrator is in the nature of a judgment, and unless it appears affirmatively from an inspection of the records that there was a failure to comply with the requirements of law, it will be presumed that the probate judge followed the requirements of law, and that the administrator was properly appointed. *Hankinson* v. *R. R. Co.*, 41 S. C., 17; *Petigru* v. *Ferguson*, 6 Rich. Eq., 384. There can be no doubt that the probate court had jurisdiction of the subject matter, to wit: the appointment of the administrator, and as it does not affirmatively appear upon inspection of the record that the probate court failed to comply with the statutory requirements, before granting the letters of administration, it must be assumed, in the absence of such showing, that the probate court conformed to the requirements of law.

The next question that will be considered is whether the fact that it affirmatively appears upon inspection of the record that the probate judge published the notice of application for letters of administration for only thirty-one days instead of forty days, as required by law, was a jurisdictional defect. We have not been referred to any case in this State directly in point. As we have stated, the probate court had jurisdiction of the subject matter, to wit: the granting of letters of administration. The time within which the probate court was required to publish notice of the application for letters of administration pertained merely to the remedy, and the failure to observe this requirement was only an irregularity. But even if it was a jurisdictional defect, those of the children who answered the complaint upon the merits waived the right to insist upon this objection. This is true even as to a court of inferior jurisdiction. *Rosamond* v. *Earle*, 46 S. C., 9. Those of the children who answered the complaint admitted that letters of administration were duly granted to the clerk of the court, and consented to a sale of the land, which was clearly within the

jurisdiction of the probate court.    Even if the proceedings
in the probate court were null and void as to those of the
children who did not answer the complaint, it was error to
exclude the testimony to which the plaintiffs objected, at
least as to those who waived the right to insist upon the
objection by answering to the merits, and this would necessi-
tate a new trial.    This is only stated as an additional reason
showing error on the part of the Circuit Judge, and not for
the purpose of showing that the proceedings were null and
void as to any of the plaintiffs herein.

We will next consider the exception to the decree of his
Honor, Judge Gary.    The questions raised by this exception
become merely speculative, since this Court has reached the
conclusion that the appointment of the administrator was
not null and void.    But even waiving this objection to their
consideration, we see no error in the decree.

It is the judgment of this Court, that the judgment of the
Circuit Court, but not the decree, be reversed, and the case
remanded to that Court for a new trial.

MR. CHIEF JUSTICE McIVER *dissenting, with whom con-
cur* JUSTICES POPE and JONES.    I am unable to concur in
the conclusion reached by Mr. Justice Gary, as to the admis-
sibility of the record from the probate court.    That record
shows on its face that the petition for letters of administra-
tion upon the derelict estate of Levi Hartley, deceased, was
dated and filed 28th of November, 1887, and that the letters
of administration were granted on the 29th of December,
1887.    Thus this record shows conclusively that the forty
days notice required by the statute was not and could not
possibly have been given of such application.    This defect
thus appearing upon the record was fatal to the jurisdiction
of the court, and hence this so-called record may be treated
as an absolute nullity, whenever or wherever it is en-
countered; and for this reason there was no error in ruling
that it was inadmissible—at least, so far as the rights of
those of the plaintiffs who had not estopped themselves from

raising the question are concerned. As to the two plaintiffs, John Hartley and Amanda Cockerell, who answered the petition filed in the probate court by the so-called administrator, praying for the sale of the land in aid of assets for the payment of debts, and consenting to the prayer thereof, I agree that they are thereby estopped from now raising the question. That this defect thus appearing upon the face of the record is a fatal jurisdictional defect, seems to me clear. The power of the probate judge to grant letters of administration upon derelict estates to the clerk of the Court, is not a power incident to his office, but grows out of and is derived from a special statute, which has been incorporated in the Revised Statutes of 1893, as section 2034. Inasmuch as this section is set out in full in the leading opinion, it is unnecessary to quote it again here. It is sufficient to refer to such of its provisions as bear directly upon the point under consideration. Substantially its provisions are that when an estate of an intestate becomes derelict, and remains so for the period of six months, the clerk of the court is required to make application to the judge of probate for letters of administration upon such derelict estate, and thereupon, "It shall be the duty of such judge of probate to insert a notice of such application, in the usual form, for forty days, in some public newspaper * * * and after such notice to grant to such clerk of the court letters of administration on the estate of such deceased person," &c. This being a special power conferred by a special statute, can only be exercised in the manner and under the terms prescribed by such statute. This principle was recognized and acted upon in the case of *Whitesides* v. *Barber,* 24 S. C., 373, in which the proceeding was an application to the court of probate to sell lands of the decedent, in aid of the personalty, for the payment of debts to which the heirs were made parties, but not the administrator, as no administration had been granted. In the opinion of the Court we find this language: "The first inquiry, therefore, is, could the court of probate obtain jurisdiction in such a case?" and after referring to the statute conferring upon

the court of probate the power to sell lands, for the payment of debts, in aid of the personalty, adds these words: "but this jurisdiction is conferred only upon the court of probate of the county in which the will of such deceased person was proved, or in which administration of his estate was granted." It was, therefore, held, "that until a will has been proved, or letters of administration have been granted, no court of probate can take jurisdiction of a proceeding to sell the real estate of a deceased person. This is not a mere question of defect of parties, as has been argued by the appellant, for, although it is undoubtedly true that, in such a proceeding, the executor or administrator, as the case may be, would be a necessary party, yet the defect here lies deeper, and is jurisdictional." Accordingly, it was held that there was no error on the part of the Circuit Judge in charging that the proceeding for the sale of the land in the court of probate for the payment of debts was void. It seems to me that, upon the same principle, as the statute conferring the power to grant letters of administration upon a derelict estate expressly required that forty days notice of such application should be given, and it was only after such notice the judge of probate was invested with power to grant such letters, his attempt to do so without complying with these express requirements was an absolute nullity—at least, to the extent above indicated.

There are various other objections to this record, some of which seem to be of a grave character; but as the Circuit Judge seems to have based his ruling upon the ground above considered, and Mr. Justice Gary has confined himself to a consideration of that ground, I propose to do likewise. But I do not wish to be regarded as committing myself, either one way or the other, as to the additional grounds of objection to the record.

As to the exception to the decree of his Honor, Judge Ernest Gary, I agree that it should be overruled. The practical result of my view is that there should be a new trial as to those of the plaintiffs, who, by filing answers to the pro-

ceedings in the probate court, and consenting to the prayer
of the petition, have estopped themselves from raising the
question as to the admissibility of the record of such pro-
ceedings or disputing its admissibility.