11143

McNAIR v. HOWLE

(116 S. E., 279)

1. Executors and Administrators—Claim Against Intestate Property Held Primarily Against Personal Estate of Decedent.— Any claim or demand against an intestate's property, payable or adjustable in money, is a claim primarily against the personal estate of the decedent.

2. Executors and Administrators—Administrator is Deputy of Probate Court in Managing Intestate Property for Benefit of Creditors.—An administrator is a deputy of the Probate Court, to whose jurisdiction is committed the care and management of the intestate's estate for the benefit of creditors and of all who may be legally entitled thereto.

3. Executors and Administrators—Administrator Has Same Property in Goods of Deceased as Decedent Had.—As the personal representative of deceased in regard to his personal estate, the administrator has the same property in goods of the intestate as decedent himself had, and the same remedies to recover the goods or to prevent their unlawful appropriation by others.

4. Executors and Administrators—Executor or Administrator Held Only Proper Party in Action to Enforce Claim Against Estate. —Generally, in an action or suit by a creditor to enforce a claim against the estate of a decedent, a personal representative of the deceased debtor is the only necessary or proper party.

5. Descent and Distribution—When Lands May and May Not be Sold Under Judgment Recovered Against Administrator, Stated. —While lands of an intestate may be sold under a judgment recovered against the administrator, they may not be sold under such judgment if the lands have passed into the actual and exclusive possession of the heirs before the judgment was recovered and before any lien was thus fixed upon them.

6. Descent and Distribution—Heirs in Possession of Descended Lands Must be Made Parties to Proceedings to Subject Lands to Payment of Decedent's Debts.—Heirs in actual and exclusive possession of lands descended must be made parties to any action to subject such lands to payment of the ancestor's debts.

7. Descent and Distribution—Creditor of Decedent Seeking to Enforce Unliquidated Claim Against Heirs Must Prove a Just Debt. —Where a plaintiff's cause of action against heirs to establish a debt of the ancestor and to subject the descended lands to payment of the alleged debt depends upon the validity of his unproved money demand against the intestate's estate, before he may subject the descended real estate to the payment of that demand, his claim must first be established as a just debt of the intestate. Civ. Code 1912, § 3696.

8. Descent and Distribution—Creditor Enforcing Claim Against Estate Must First Pursue Personal Assets; Duty of Administrator to Resist Unlawful Demand.—The law imposes on the creditor the duty of first pursuing the personal assets in the hands of the personal representative, and casts upon the personal representative the duty of resisting the payment of any unlawful demand against the decedent's estate.

9. DESCENT AND DISTRIBUTION—EXECUTORS AND ADMINISTRATORS—HEIRS SUED FOR DEBT MAY SET UP DEFENSE AVAILABLE TO REPRESENTATIVE, AND HENCE HE SHOULD BE MADE A PARTY.—The heir in possession of land, while not bound by a judgment against the personal representative alone, is entitled to the benefit of any valid defense that the personal representative might interpose to the judicial establishment of a demand against the decedent, and hence an heir is entitled to have the personal representative joined as a party defendant in an action seeking to establish an unliquidated demand against an intestate and to subject descended lands to the payment of such demand.

10. DESCENT AND DISTRIBUTION—WHEN CREDITOR OF DECEDENT MAY JOIN HEIR AND ADMINISTRATOR JOINTLY STATED.—In an action by a creditor against the heirs to establish a debt of· decedent and to subject the descended lands to payment, the creditor may maintain the action against the heirs and personal representative jointly.

11. EXECUTORS AND ADMINISTRATORS—APPOINTMENT OF ADMINISTRATOR DE BONIS NON HELD JUDGMENT NOT COLLATERALLY IMPEACHABLE.— The appointment of an administrator *de bonis non,* after final discharge of the general administrator by the Probate Court, is a judgment of a competent Court and cannot be impeached collaterally, except for a jurisdictional defect affirmatively appearing from the face of the record.

12. EXECUTORS AND ADMINISTRATORS—DISCHARGED EXECUTORS AND ADMINISTRATORS NOT REQUIRED TO MAKE FURTHER ACCOUNTINGS IN ABSENCE OF FRAUD.—Duly discharged executors and administrators can no longer exercise the functions of their office, nor be required to make further accounting, in the absence of fraud or error in the entry of the decree discharging them.

13. EXECUTORS AND ADMINISTRATORS—ORDER DISCHARGING ADMINISTRATOR HELD EQUIVALENT TO JUDGMENT VACATING OFFICE OF ADMINISTRATOR. —If the order discharging an administrator abrogates his powers and discharges his liabilities, it is equivalent to a judgment vacating the office of administrator.

14. EXECUTORS AND ADMINISTRATORS—PROBATE COURT MAY APPOINT ADMINISTRATOR DE BONIS NON WHEN OFFICE OF ADMINISTRATOR BECOMES VACANT.—If, at the time of an application for appointment of an administrator *de bonis non,* the office of administrator is vacant by virtue of an unrevoked order of discharge previously granted the general administrator, then the Probate Court is free to deal with the application for further administration upon the merits of the showing made for that purpose.

15. EXECUTORS AND ADMINISTRATORS—ADMINISTRATOR ONCE DISCHARGED, RELASED FROM OBLIGATION TO ASSUME TRUST BECAUSE OF AFTER-DISCOVERED CLAIMS OR ASSETS.—Where an administrator has fully

administered the estate and after compliance with Code Civ. Proc. 1912, § 47, relating to advertisement and notice, has obtained a discharge from the Probate Court, such decree should protect him from further liability and should relieve him from any obligation again to take up the burden of administration by reason of after-discovered claims or assets.

16. EXECUTORS AND ADMINISTRATORS—FINAL DISCHARGE OF ADMINISTRATOR HELD NOT CONCLUSIVE THAT ESTATE SETTLED SO AS TO PRECLUDE APPOINTMENT OF ADMINISTRATOR DE BONIS NON.—Though the approval of the final report and discharge of a former administrator may have the force and effect of a judgment vacating the office, it is not conclusive that the estate has been wholly settled so as to preclude the appointment of an administrator *de bonis non.*

17. EXECUTORS AND ADMINISTRATORS—VACANCY CAUSED BY DISCHARGE OF GENERAL ADMINISTRATOR AUTHORIZES PROBATE COURT UPON APPLICATION TO APPOINT ADMINISTRATOR DE BONIS NON.—The duty expressly imposed upon the Probate Court under Civ. Code 1912, § 3608, in case of death of an executor or administrator, does not deprive that Court of its jurisdiction under the broad constitutional and statutory powers conferred upon it (Const. Art. 5, § 19; Code Civ. Proc. 1912, §§ 42–47; Civ. Code 1912, §§ 3605, 3651, 3663) to appoint an administrator *de bonis non* if otherwise proper whenever a vacancy occurs in the official representation of a decedent's estate.

18. EXECUTORS AND ADMINISTRATORS—WHEN ADMINISTRATION OF ESTATE IS ADMINISTRATION "DE BONIS NON" STATED; "DE BONIS NON ADMINISTRATIS."—If an estate has been partially administered prior to discharge of general administrator, the new administration is an "administration *de bonis non,*" since the term or title is merely an abbreviation of *"de bonis non administratis,"* meaning "of the goods not administered."

19. EXECUTORS AND ADMINISTRATORS—JUDGMENT OF PROBATE COURT APPOINTING ADMINISTRATOR DE BONIS NON CONCLUSIVE UNTIL IMPEACHED IN DIRECT PROCEEDING.—Where the jurisdiction of the Probate Court is established by a decree discharging the general administrator and creating a vacancy in the official representation of the intestate's estate, its judgment appointing an administrator *de bonis non* is conclusive of the facts necessary to sustain it until impeached in a direct proceeding.

20. EXECUTORS AND ADMINISTRATORS—APPLICATION OF FORMER GENERAL ADMINISTRATOR TO BE APPOINTED ADMINISTRATOR DE BONIS NON HELD DIRECT PROCEEDING REVOKING FORMER ORDER OF DISCHARGE.—If it were essential to the validity of grant of letters of administration *de bonis non* that the judgment of the Probate Court appointing the administrator in chief and that the order discharging him

should be set aside in a direct proceeding, the proceeding based upon the petition of the former general administrator for appointment as administrator *de bonis non* is such a direct proceeding and the appointment as administrator *de bonis non* is a revocation of the former order of discharge, where the former general administrator applied for appointment of the administrator *de bonis non,* and by publication of the prescribed statutory notice all persons interested were afforded the opportunity to contest such appointment.

21. EXECUTORS AND ADMINISTRATORS—ADMINISTRATOR DE BONIS NON HELD QUALIFIED TO DEFEND ACTION BY CREDITOR AGAINST HEIRS FOR DECEDENT'S DEATH.—Where, after a general administrator had been discharged, but six months after was, on his own petition, appointed by Probate Court as administrator *de bonis non,* and thereafter a creditor brought an action against the heirs to establish a debt of decedent and to subject the descended lands to the payment of the debt, *held,* the administrator *de bonis non* was legally qualified to appear and defend the action as the personal representative of the intestate.

22. EXECUTORS AND ADMINISTRATORS—STATUTE EXEMPTING EXECUTORS AND ADMINISTRATORS FROM LIABILITY FOR CLAIMS NOT PRESENTED WITHIN 12 MONTHS HELD NOT NONCLAIM STATUTE; OBJECT OF STATUTE STATED.—Civ. Code 1912, § 3631, providing executors and administrators shall not be liable for claims not presented within 12 months, is not a nonclaim statute, but its primary object is to exempt executors and administrators from liability for a devastavit, where they have administered and distributed the estate without reserving assets.

23. EXECUTORS AND ADMINISTRATORS—CREDITOR FAILING TO FILE CLAIM AGAINST DECEDENT ESTATE WITHIN PRESCRIBED TIME HELD NOT BARRED FROM CLAIMING AGAINST REMAINING ASSETS.—While, if there is a deficiency of estate assets, a creditor not filing his claim within the prescribed time as provided in Civ. Code 1912, § 3630, may not share ratably with other creditors filing claims in time, and while a legatee is not bound to refund a legacy, which was sufficient to pay the creditor's claim if filed in time, the failure to present the claim within the prescribed time does not bar the judicial establishment of the demand, nor the reaching of available assets remaining.

24. DESCENT AND DISTRIBUTION—DEFENSE IN AN ACTION BY CREDITOR AGAINST HEIRS IN POSSESSION OF LAND AND ADMINISTRATORS DE BONIS NON, STATED.—In an action by a creditor against the administrator *de bonis non,* and the heirs in possession of lands of the intestate jointly seeking to establish a debt from deceased and to subject the descended lands to its payment, the only defenses

that could avail the defendants are that there was no such debt due by the intestate, or that action thereon against the administrator was barred by limitation, or that, to the extent the estate had been administered, no relief could be had against the personal representative, or that as to the heirs the plaintiff had been guilty of laches depriving him of the right of equitable relief, or as to the heirs that they were entitled to assert and rely on their own possession for the statutory period.

25. Executors and Administrators—When Creditor not Filing Claim Within 12 Months Held not Barred From Enforcing Claim Against Administrator De Bonis Non and Heirs.—A creditor's negligence in failing to render a statement of his demand against a decedent within 12 months, as provided in Civ. Code 1912, § 3630, cannot be held to have worked an injury to other creditors whose claims were paid in full, as it would deprive the creditor of a .right of action against the administrator *de bonis non,* and the heirs in possession of the land, where the creditor's laches do not affect the distributees and heirs injuriously.

26. Limitation of Actions—Laches Held not Sufficient to Deprive Creditor From Maintaining Action Against Heirs and Administrator De Bonis Non to Enforce Claim not Filed Within Statutory Period.—Where, in an action by a creditor of decedent against the administrator *de bonis non* and the heirs, instituted 8 months after final accounting, to establish a claim not filed against the estate within the prescribed 12 months, the defendants denied liability generally and pleaded defense based upon failure of plaintiff creditor to render his demand within the time required by law and full administration and final settlement of estate, *held,* there was no showing of laches injuriously affecting heirs or devisees so as to deprive plaintiff of his right of action.

Before Mauldin, J., Darlington, April, 1922. Reversed and remanded.

Action by A. M. McNair against W. H. Howle, as administrator d. b. n. of the Estate of C. W. Shoemake *et al.* From an order dismissing the complaint the plaintiff appeals.

*Mr. D. Carl Cook,* for appellant, cites: *Approval of final report and discharge of administrator is not conclusive:* 24 C. J., 1114, Sec. 2736; 11 R. C. L., 418. *Where estate has unadministered assets and debts Court has jurisdiction to appoint administrator de bonis non:* 1 Strob.

Eq., 393.; 92 A. S. R., 48. *Filing of claim would not have avoided necessity of action to subject real estate to payment of it:* Bail. Eq., 427. *What could bar plaintiff's claim:* 91 S. C.; 437; 72 S. C., 491. *No laches:* 43 S. C., 436; 90 S. C., 90; Bail. Eq., 437. *Administrator not necessary party:* 72 S. C., 491; 2 Hill Eq., 257; 1 S. C., 198.

*Mr. F.' C. Miller,* for respondent, cites: *Unrevoked discharge bar to appointment of administrator de bonis non:* Code Proc., 1912, Sec. 40; 69 S. C., 270; 25 S. C., 275; 19 S. C., 323; 24 S. C., 398; 33 S. C., 276; 111 A. S. R., 57; 5 Ann. Cas., 496; 11 R. C. L., 418. *Administrator a necessary party:* 30 S. C., 270; 31 S. C., 413; 19 Enc. Pl. & Pr., 873; 24 C. J., 724, 579; 24 S. C., 373; 4 S. C., 156; 1 Hill Eq., 187. *Debts not proven discharged:* 1 Civ. Code 1912, Secs.' 3630, 3631. *Otherwise they would gain a preference:* 24 C. J., 724.

February 26, 1923.

The opinion of the Court was delivered by Mr. Justice Marion.

Action in the Court of Common Pleas by a creditor against an administrator *de bonis non,* the heirs at law and distributees of an intestate, and a real estate mortgage creditor, seeking (1) to establish a claim founded on an account for goods sold and delivered to the said intestate, (2) to subject real estate descended to the payment of the plaintiff's debt and of any other debts' that might be established in the action, and (3) to marshal assets for that purpose.

The intestate, C. W. Shoemake, died on or about August 15, 1918. The defendant W. H. Howle was duly appointed administrator of his estate on November 23, 1918. Having entered upon the discharge of the duties of this trust, he gave due notice, pursuant to 'the requirements of the

statute (Section 3630, Civil Code 1912), for creditors of the estate in his charge to render an account of their demands, duly attested. He collected the personal assets of the estate and applied them to the payment of such debts of the deceased as were ascertained to be due within the 12 months allowed by law for that purpose (Section 3630). On December 26, 1919, about one year and one month after the date of his appointment, pursuant to notice of application duly published (Section 47, Code of Civil Proc. 1912), the Probate Judge of Darlington County granted him an order of discharge. The order recited, among other things, that no cause had been shown against the application, and that "from an examination of the situation of the affairs of the said estate" it appeared that "the petitioner had faithfully and honestly discharged the trust and confidence reposed in him," and thereupon adjudged that the petitioner was "from henceforth and forever discharged from all liabilities as administrator as aforesaid." The claim of the plaintiff, McNair, was not presented to or filed with the administrator within the 12 months allowed for the ascertainment of debts and was not rendered or filed prior to his order of discharge. About 6 months after the date of his discharge as general administrator on May 14, 1920, W. H. Howle was on his own petition appointed by the Probate Court of Darlington County administrator *de bonis non* of the estate of C. W. Shoemake, the intestate. Thereafter on July 26, 1920, the plaintiff brought this action. The answers of the defendants denied liability generally, and set up defenses based upon the failure of the plaintiff to render his demand within the time required by law, and pleaded the full administration and final settlement of the estate by the general administrator. The cause having come on for trial and the plaintiff's counsel having admitted in open Court the facts to be substantially as above stated and having further conceded that the order discharging the general administrator had not been vacated

or set aside, the Circuit Judge held: (1) That the administrator was a necessary party; (2) that the order of the Probate Court undertaking to appoint the former general administrator as administrator *de bonis non* was without legal effect; (3) that to grant the plaintiff the relief prayed would be to accord him preferential treatment over the other creditors whose claims had been settled, and thus permit him to take advantage of his own dereliction, and thereupon adjudged that the plaintiff's action be dismissed. The plaintiff appeals upon exceptions which challenge the correctness of that adjudication. The grounds of the Circuit Judge's action will be considered and disposed of in the order above stated.

1. First, we think the Circuit Court was correct in holding that the administrator was a necessary party to the action. Any claim or demand, payable or adjustable in money, is a claim primarily against the personal estate of the decedent. *Mobley v. Cureton,* 2 S. C., 140; *Richardson v. Inglesby,* 13 Rich. Eq., 60. Under the American system of administering the estates of deceased persons, the administrator is considered the deputy of the Probate Court, or other Court of similar powers, to whose jurisdiction is committed by statute law the care and management of the intestate's estate for the benefit of creditors and of all who may be legally entitled thereto. As the personal "representative of the deceased in regard to his personal estate, he (the administrator) has the same property in the goods of the intestate as the intestate himself had when living, and the same remedies to recover them" or to prevent their unlawful appropriation by others. *McVaughters v. Elder,* 2 Brev., 307, 313; and see *Rhame v. Lewis,* 13 Rich. Eq., 269, 292. Hence it is elementary that, as a general rule, in an action or suit by a creditor to enforce a claim against the estate of a decedent, the personal representative of the deceased debtor "is the only necessary or even proper party." 24 C. J., 797, § 1983; *Fraser v.*

*Charleston,* 19 S. C., 385, 400; *Winstanley v. Savage,* 2 McCord, Eq., 435, 437; *Richardson v. Cooley,* 20 S. C., 347.

The logical application of that rule, grounded upon the elementary principles above adverted to, led to the rendition in the early judicial history of this state of a decision which seems to have been for many years a subject of controversy and a source of embarrassment to bench and bar. That was the decision in *De'-Urphey v. Nelson,* 1 Brev., 289, rendered by the Constitutional Court in 1803, holding that—

"Lands descended are liable for the payment of the ancestor's debt, and may be sold under a judgment recovered on that debt against the administrator, although the heirs were not parties to the action."

For an interesting review and discussion of the decisions following *De'Urphey v. Nelson,* see the opinions of Mr. Chief Justice McIver in *Huggins v. Oliver,* 21 S. C., 159, and of Mr. Acting Associate Justice Benet in *Brock v. Kirkpatrick,* 60 S. C., 322, 38 S. E., 779, 85 Am. St. Rep., 847. As pointed out by Judge Benet in *Brock v. Kirkpatrick, supra,* the rule on that subject deduced from the decisions by the great Judge, McIver, in *Huggins v. Oliver, supra,* has now become the settled law of this jurisdiction, to wit, that while lands of an intestate may be sold under a judgment recovered against the administrator, they may not be sold under such judgment if the lands have passed into the actual and exclusive possession of the heirs before the judgment was recovered and before any lien was thus fixed upon them. From which rule it follows, of course, that the heirs at law in actual and exclusive possession of lands descended must be made parties to any action or proceeding to subject such lands to payment of the ancestor's debts. *Brock v. Kirkpatrick, supra; Gilliland v. Caldwell,* 1 S. C., 198; *McLaurin v. Rion,* 24 S. C., 407; *Moore v. Smith,* 24 S. C., 316; *Leroy v. Charleston,* 20 S. C., 71.

While the line of decisions referred to clearly illustrates
the elementary rule that in an action by a creditor to en-
force a claim against the estate of an intestate the adminis-
trator is the only necessary party, except where such en-
forcement involves a sale of lands in the possession of the
heirs, and as clearly enunciates the proposition that lands
in the exclusive possession of the heirs may not be sub-
jected to payment of the ancestor's debts except in a suit
to which the heirs are parties, the precise question here
involved as to the necessity for joining the administrator
in an action against the heirs to establish a debt of the
ancestor and to subject the descended lands to the payment
of the alleged debt does not seem to have been expressly
decided. In *Vernon v. Ehrich's Ex'rs,* 2 Hill, Eq., 259,
261, Judge Harper, while conceding that in a suit in equity
the administrator was a necessary party, intimated that an
action at law by a creditor might be sustained against the
heir alone, and that in such an action "the executor neither
would nor could be joined." There are expressions of like
import in *Reeder v. Speake,* 4 S. C., 293; *Lanier v. Griffin,*
11 S. C., 582; and *Ariail v. Ariail,* 29 S. C., 84, 7 S. E., 35.
But in *Brock v. Kirkpatrick, supra,* where the question was
as to when a right of action against devisees in possession of
lands arose so as to give currency to the statute of limita-
tions, those decisions were reviewed and criticized and the
doctrine of *McMullin v. Brown,* 2 Hill, Eq., 462, holding
that the statute would not run so as to protect legatees until
after the remedy against the executor had been exhausted,
was again expressly approved and applied to devisees in
possession of lands. If a right of action does not accrue
against devisees or heirs at law in possession of lands until
the creditor's remedy against the executor or administrator
is exhausted, it follows, of course, that no action may be
maintained against such devises or heirs alone where the
creditor's claim has not been established in an action or
proceeding to which the executor or administrator was a

party.   In *Cleveland v. Mills,* 9 S. C., 430, an action was maintained against devisees and heirs at law alone to subject lands to the payment of decedents' debts; but the Court adverts to the fact that no question was made as to the necessity of making the executor a party and expressly reserves decision of the point.   The case of *Lowry v. Jackson,* 27 S. C., 318, 3 S. E., 473, was an action by a creditor against the administrator and the heirs at law jointly, essentially similar in character and scope to the action at bar.   Upon demurrer to the complaint for defect of parties, this Court, speaking through Mr. Justice McIver, said:

"But we do not desire to be regarded as conceding that the administrator was not a proper party.   It is true that, under the former system of pleading, the administrator was not a proper party to an action at law against the heir, for the debt of the ancestor, on account of real estate descended; but it was otherwise in a proceeding in equity, where the administrator was not only a proper, but a necessary party. Story, Eq. Pl. §§ 173, 176, 180; *Vernon v. Valk,* 2 Hill, Ch., 257; *Goodhue v. Barnwell,* Rice, Ch., 239, recognized in *Mobley v. Cureton,* 2 S. C., 148.   Now since the Code has substituted a totally different system of pleading, and abolished the distinction between actions at law and proceedings in equity, whereby a defendant may plead equitable as well as legal defenses to the same action, we do not see why the administrator may not be regarded at least as a proper party to an action against the heir, for the debt of the ancestor, on account of real estate descended; or why the heir, when sued alone in such an action, may not require that the administrator shall be made a party (*Cleveland v. Mills,* 9 S. C., 436), in order to prevent circuity of action by furnishing the heir with an opportunity of requiring from the administrator, if he desires it, an account of the assets primarily appropriated to the payment of debts."

18—S. C.—123

In the case at bar the plaintiff's cause of action rests primarily upon the validity of his unproved money demand against the intestate's estate. Before he may subject the descended real estate to the payment of that demand, his claim must first be established as a "just debt" of the intestate. Section 3696, Civil Code 1912; *Hand v. Kelly,* 102 S. C., 151, 156, 86 S. E., 382. The issue thus made is triable, at the instance in due season of either party, before a jury in the Court of Common Pleas. *Hand v. Kelly, supra.* The law imposes upon the creditor the duty of first pursuing the personal assets in the hands of the personal representative (*Mobley v. Cureton, supra*), and casts upon the personal representative the duty of resisting in the first instance the payment of any unlawful demand against the decedent's estate. The heir at law in possession of land, while not bound by a judgment against the personal representative alone (*Brock v. Kirkpatrick, supra*), is entitled to the benefit of any valid defense that the personal representative might interpose to the judical establishment of a demand against the decedent. For that reason, as well as for the cogent reason suggested by Mr. Justice McIver in *Lowry v. Jackson, supra,* the heir at law is clearly entitled to have the personal representative joined as a party defendant in an action seeking to establish an unliquidated demand against an intestate and to subject descended lands to the payment of such demand. It may be proper to add that we see no valid objection to the maintenance of such an action as that at bar by a creditor against the personal representative and the heirs at law jointly. The expression of Mr. Justice Gage in *Hand v. Kelly, supra,* to the effect that such an action would not lie in either the Probate Court or in the Circuit Court, in so far as it refers to the Circuit Court, is an *obiter dictum* which is not in accord with the view of this Court in *Lowry v. Jackson, supra,* and with the view herein adopted.

2. In holding that the appointment of the defendant W. H. Howle as administrator *de bonis non* was a nullity, in that his order of discharge as general administrator had not been vacated, and that said defendant was not competent to appear and defend this action as the duly qualified personal representative of the intestate, we think the Circuit Court was in error. The appointment of the defendant Howle as administrator *de bonis non* by the Probate Court of Darlington County was a judgment of a competent Court and cannot be impeached collaterally, except for a jurisdictional defect affirmatively appearing upon the face of the record. *In re: Brown's Estate,* 96 S. C., 34, 79 S. E., 791; *Nickles v. S. A. L. Ry.,* 74 S. C., 102, 54 S. E., 255; *Dunlap v. Rock Hill Savings Bank,* 69 S. C., 270, 48 S. E., 49, 104 Am. St. Rep., 796; *In re: Mayo.* 60 S. C., 401, 38 S. E., 634, 54 L. R. A., 660; *Hendrix v. Holden,* 58 S. C., 495, 36 S. E., 1010; *Hartley v. Glover,* 56 S. C., 69, 33 S. E., 796. But respondents contend that the force and effect of a judgment, unimpeachable collaterally, is also to be given the order of discharge granted the general administrator by the same Probate Court, and that while that order stood unrevoked the Court was without jurisdiction to appoint an administrator *de bonis non.* Hence, it is argued, having been discharged, the defendant Howle was no longer the general administrator and, in the absence of direct revocation of his discharge, could not lawfully be appointed administrator *de bonis non.* In support of that proposition, respondent cites the case of *Hicky v. Stallworth,* 143 Ala., 535, 39 South., 267, 111 Am. St. Rep., 57, 5 Ann. Cas., 496. That decision is rested upon the authority of certain early Indiana cases, but is not in our opinion soundly grounded in reason. The general rule is that—

"Executors or administrators who have been duly discharged can no longer exercise the functions of their office, nor can they be required to make further accounting in the

absence of fraud or error in the entry of the decree discharging them." 23 C. J., 1093, § 258.

If the order of discharge abrogates the powers and discharges the liabilities of the administrator, it is equivalent to a judgment vacating the office of administrator. If at the time of an application for the appointment of an administrator *de bonis non* the office of administrator is vacant by virtue of the outstanding order of discharge previously granted the general administrator, then the Probate Court would be free to deal with the application for further administration upon the merits of the showing made for that purpose. Where an administrator has fully, fairly, and faithfully administered the estate in his hands, and, after due advertisement (Section 47, Code of Civ. Proc. 1912) and after due service of personal notice upon those entitled thereto, has obtained an order of discharge from the Probate Court, such decree should protect him from further liability and should relieve him from any obligation again to take up the burden of the trust by reason of after-discovered claims or assets. See *Quick v. Campbell,* 44 S. C., 386, 392, 22 S. E., 479. But giving that efficacy to the order of discharge and according to it the force and effect of a judgment vacating the office of administrator does not entail extending to it the force of a final adjudication that the estate has been fully administered. On the contrary—

"It is usually held that the approval of the final report of an executor or administrator and his discharge is not conclusive that the estate has been wholly settled so as to preclude the appointment of an administrator *de bonis non.*" 24 C. J., 1144, 1145, § 2756, and cases cited.

The unrevoked order of discharge in the case at bar, establishing the fact of a vacancy in the office of administrator, furnished the Probate Court with, rather than deprived it of, the essential basis of fact for the appointment of an administrator *de bonis non.* But is

a vacancy in the office of the administrator caused by the discharge of the general administrator such a vacancy as will authorize or warrant the Probate Court in appointing an administrator *de bonis non?* The statute law of the state (Section 3608, Civil Code 1912) provides that—

"When a sole surviving executor or administrator shall die, the estate in his hands not having been fully administered, it shall be the duty of the Judge of Probate * * * to grant letters * * * of administration *de bonis non* of the estate."

The duty thus expressly imposed upon the Probate Court in case of the death of an executor or administrator does not, as we apprehend, deprive that Court of its plenary jurisdiction, under the broad constitutional and statutory powers conferred upon it (Const., 1815, Art. 5, § 19; Sections 42–47, Code of Civil Proc. 1912; Sections 3605, 3663, Civil Code 1912) to appoint an administrator *de bonis non,* if otherwise proper, whenever a vacancy occurs in the official representation of a decedent's estate, whether due to death, revocation of letters, discharge, or other cause. 24 C. J., 1142, § 2735. Thus Section 3651, Civil Code 1912, provides for the revocation of letters of administration, etc., in certain cases of change of domicile or of absence from the state. Obviously, such a revocation would not preclude the appointment of another administrator.

If the estate had already been partially administered prior to the revocation, the new administration is of necessity an administration *de bonis non,* since the term or title is merely an abbreviation of *de bonis non administratis,* meaning "of the goods not administered." Black, L. D. The jurisdiction of the Probate Court being thus established and disclosed by the decree discharging the general administrator and creating a vacancy in the official representation of the intestate's estate, the judgment of the Probate Court appointing the administrator *de bonis non* is conclusive of the facts necessary to sustain it until im-

peached in a direct proceeding.  *Ex parte Crafts,* 28 S. C., 281, 284, 5 S. E., 718; *Petigru v. Ferguson,* 6 Rich. Eq., 384.

That conclusion is reinforced by this additional consideration.  If it were essential to the validity of the grant of letters of administration *de bonis non* that the judgment of the Probate Court appointing the administrator in chief and that the order discharging him should be set aside in a direct proceeding, the proceeding based upon the petition of the former general administrator for appointment as administrator *de bonis non* was to all practical intents and purposes such a direct proceeding and the appointment as administrator *de bonis non* a revocation of the former orders.  The former general administrator was himself the moving party, and by publication of the prescribed statutory notice all persons interested were afforded the opportunity to contest the appointment.  In *McLaurin v. Thompson,* Dud., 335, it was held that, where an administrator left the state and the Ordinary granted letters of administration to another, this, without any other proceeding, was a sufficient judgment of revocation of the authority of the first.  That decision is recognized and approved in *In re: Mears,* 75 S. C., 482, 56 S. E., 7, 9 Ann. Cas., 960, holding that the probate of a will is practically a direct proceeding, the effect of which is to revoke letters of administration previously granted on the supposition of intestacy.  In any view, therefore, we are of the opinion that the defendant Howle, who had been duly commissioned by the Probate Court both as general administrator and as administrator *de bonis non,* was legally qualified to appear and defend this action as the personal representative of the intestate, Shoemake.

3.  The third ground upon which the Circuit Court's order of dismissal appears to have been based, namely, that to grant the plaintiff the relief sought would be to accord him preferential treatment over other

creditors and permit him to take advantage of his own delinquency, we are constrained to hold, is also untenable. We have no statute of nonclaim in this state, and however desirable it might be from the standpoint of public policy to attach by judicial construction something of the force of such a statute to Section 3631, Civil Code 1912, providing that if any creditor shall fail to give in a statement of his debts against a decedent's estate within the 12 months allowed by Section 3630 for ascertaining the debts due from the deceased, "the executors or administrators shall not be liable to make good the same" the terms of the statute itself, considered in the light of prior decisions of this Court, preclude the constructions suggested. The primary object of the statute is to exempt executors and administrators from liability for a devasavit where they have administered and distributed the estate in their charge without reserving assets which would otherwise have been applicable to the delinquent creditor's claim. *Crane v. Moses,* 13 S. C., 561; *Willingham v. Chick,* 14 S. C., 93. Where there is a deficiency of assets, the creditor who fails to give in his debt within the time prescribed may not share ratably with the other creditors who have rendered their statements in due time and received payment. *Sebring v. Keith,* 2 Hill, 340. A legatee will not be compelled to refund a legacy where there were sufficient funds, afterwards wasted, in the hands of the executor out of which the creditor could have been paid if he had presented his demand in time. *Miller v. Mitchell,* Bailey, Eq., 437. But the failure to present the claim within the prescribed time does not operate as a bar to the judicial establishment of the demand as a debt "due from the deceased" nor to the pursuit of such assets as remain available and liable for the payment of debts. Lands of an intestate are made general assets for the payment of debts by the statute. Section 3696, Civ. Code 1912; *Suber v. Allen,* 13 S. C., 317. In an action by a creditor against the administrator *de bonis non* and

the heirs in possession of lands of the intestate, jointly, seeking to establish a debt due from the deceased and to subject the descended lands to its payment, the only defenses that could avail the defendants would be to show, either that there was no such debt due by the intestate or that action thereon against the administrator was barred by the statute of limitations, or that to the extent the estate had already been administered no relief could be had against the personal representative (*Rosborough v. Mills,* 35 S. C., 578, 15 S. E., 281), or that as to the heirs the plaintiff had been guilty of such laches as would deprive him of the right to invoke the equity powers of the Court (*Mobley v. Cureton,* 2 S. C., 140), or as to the heirs that they were entitled to assert and rely on their own possession for the statutory period (*Miller v. Mitchell,* Bailey, Eq., 437); *Cleveland v. Mills,* 9 S. C., 430, 437.

In view of the foregoing general principles, it is clear, as respondents virtually concede in argument, that the validity of the Circuit Judge's finding or ruling depends upon whether the admitted facts established such laches on the part of the plaintiff in the case at bar as deprives him of a right of action. In the case of *Miller v. Mitchell, supra,* Chancellor Harper, referring to the statutory requirement that creditors shall render their demands within 12 months, says:

"It is their duty to render them accordingly, and they are guilty of laches if they omit it."

He further holds that such laches will "not be permitted to work an injury to an innocent third person." The view of the Circuit Judge was that the failure of the plaintiff to present his claim within the 12 months and before the final settlement of the general administrator would result in injury to other creditors by giving the plaintiff a preference if he were allowed to establish his demand and proceed against the land. We are unable to find in the record an adequate basis of fact for that inference. All creditors

who presented their claims were settled with in full by the administrator out of the personal assets. Some of them appear to have accepted a little less than the face of their claims, but there was a balance of about $50 left in the hands of the administrator after paying all claims presented, and the real estate was as available then as now to any creditor who might have desired to subject it to the payment of his demand in full. The creditors who presented their claims appear to have been content to accept from the personal assets a satisfactory settlement that did not entail the delay and inconvenience of a resort to the real estate. How, in such circumstances, the nonpayment of the plaintiff, which results in relegating him to his remedy against the real estate, could work an injury to the other creditors who had been promptly paid and satisfied, or result in giving the plaintiff a preference over them is not apparent. It does not appear that the plaintiff's attempt to go upon the land will result in the full payment of his claim, or that, if he had presented his claim in due time, the other creditors could have been in any wise benefited. We are therefore clearly of the opinion that the plaintiff's negligence in failing to render a statement of this demand within the 12 months cannot be held to have worked such injury to other creditors as would deprive him of a right of action upon his alleged debt.

Whether such laches or delinquency injuriously affected the distributees and heirs at law of the intestate in such a way as would deprive the plaintiff of his right of action against them is a question not directly raised by the appeal record. Attention of counsel, however, is directed to the case of *Brock v. Kirkpatrick,* 72 S. C., 491; 502, 52 S. E., 592, in which the precise question presented was whether the plaintiffs had lost their right of action against the devisees by their laches in seeking to recover their claim from the executor. In the light of the decision in that case, in which the opinion, ably reviewing

the authorities, was delivered by that eminent equity lawyer Hon. R. W. Shand, as Acting Associate Justice, we deem it proper to say that the admitted facts in the record do not make out such a case of laches as would deprive the plaintiff of his right of action against the heirs at law. See, in this connection, the very clear definition of laches, by Chief Justice Jones, in *Edwards v. Johnson,* 90 S. C., at page 103, 72 S. E., 638.

For the reasons stated, the judgment of the Circuit Court is reversed, and the cause remanded to that Court for a new trial.

Reversed.

Mr. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS and FRASER concur.

Mr. JUSTICE COTHRAN did not participate.